**Anthony WILLIAMS, Appellant**

v.

**William S. STICKMAN, Superintendent Officer Duckworth, Officer Hardy, Captain McConnell, Officer Morgan, Carol Scire, Captain Charles Simpson and Sgt. Yates.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 22, 2006.

Decided Feb. 28, 2007.

---

Anthony Williams, appellant, pro se.

Jaime B. Boyd, Asst. Counsel and Suzanne N. Hueston, Acting Chief Counsel, Camp Hill, for appellees.

BEFORE: SMITH–RIBNER, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Anthony Williams (Williams) appeals from the May 1, 2006, order of the Court of Common Pleas of Allegheny County (trial court), which *sua sponte* dismissed Williams' complaint as frivolous under Pa. R.C.P. No. 240(j).[1] We affirm in part, reverse in part and remand for further proceedings.

Williams filed a complaint and petition for leave to proceed *in forma pauperis* with the trial court. Williams alleged that, on November 26, 2002, while he was incarcerated at the State Correctional Institution at Pittsburgh (SCI–Pittsburgh), he was placed in administrative custody in the restricted housing unit (RHU) without television privileges. Officer Duckworth took possession of Williams' nine-inch color television set, which was in good working condition, and prepared Inmate Personal Property Inventory form No. A389207. (Complaint, ¶ 13.)

On November 21, 2003, Williams remained in administrative custody in the RHU, but he was permitted to inspect his personal property with Officer Hardy and Officer Morgan. At that time, the television set was in good working condition, as reflected in Inmate Personal Property Inventory form No. A476613. (Complaint, ¶ 14.)

On February 4, 2004, Williams again inspected his personal property with Officer Hardy and Officer Morgan. This time, the television's picture tube was cracked,

---

1. Pa. R.C.P. No. 240(j) states, "If, simultaneous with the commencement of an action ..., a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action ... if it is satisfied that the action ... is frivolous." The *Note* to Pa. R.C.P. No. 240(j) states that an action is frivolous if it lacks an arguable basis either in law or in fact.

and the back of the cable converter box was broken. Williams could get no sound or picture on his television set. Williams filed a grievance, seeking either repair of the television set or a new one, but the grievance was denied because Williams previously had used the grievance system to allege retaliation, harassment and mental abuse by corrections officers. (Complaint, ¶ 15.)

Williams subsequently filed his complaint with the trial court against the following prison employees: William S. Stickman, Superintendent; Officer Duckworth; Officer Hardy; Captain McConnell; Officer Morgan; Carol Scire; Captain Charles Simpson; and Sgt. Yates (collectively, state employees). In Count 1, Williams sets forth an action in trespass, alleging that the state employees, with malice and wantonness, damaged his television set and refused to reimburse him. In Count 2, Williams sets forth an action in assumpsit and/or replevin for the refusal to reimburse him for the damage to his property. In Count 3, Williams sets forth a tort action, alleging that the state employees breached their duty to either repair the television set or buy Williams a new one.

The trial court dismissed Williams' complaint under Pa. R.C.P. No. 240(j), stating:

> Claims against a **municipal** officer are barred by the **Sovereign** Immunity Act, unless the claims come within one of the eight exceptions to **governmental** immunity set forth in 42 Pa.C.S. § 8542(b).
>> Under 42 Pa.C.S. § 8545, an employee of a **local** agency is liable only to the same extent as his or her employing agency.
>
> The only possible exception to **sovereign** immunity is the exception set forth in § 8542(b)(2) covering the care, custody, or control of personal property. However, this provision does not apply to harm to personal property; it applies to the

situation in which property held by the **Commonwealth** causes injury to persons or other property.

(Trial ct. op. at 1) (emphasis added). Williams filed a notice of appeal to our superior court, which transferred the matter to this court.

### I. Local Government Immunity

■ Williams argues that the trial court erred in dismissing his complaint based on statutory provisions relating to local government immunity. The state employees agree, and we agree. Indeed, employees of SCI–Pittsburgh are **not** employees of a local agency.

### II. Count 1: Intentional Tort

■ The state employees ask this court to affirm the trial court on other grounds, arguing that Williams' complaint is barred by the statutory provisions relating to **sovereign** immunity. The state employees assert that, to the extent that Williams' action sets forth an intentional tort, as in Count 1, the action is barred. We agree. This court has held that, "when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims." *La Frankie v. Miklich*, 152 Pa.Cmwlth. 163, 618 A.2d 1145 (1992). Thus, the trial court properly dismissed Count 1 as frivolous.

### III. Count 3: Negligence

■ The state employees next assert that, to the extent that the complaint sets forth a negligence claim, as in Count 3, the action is barred by statutory provisions relating to sovereign immunity. In this regard, the state employees assert that the personal property exception to sovereign immunity does not apply here. We disagree.

Section 8522(b)(3) of the act known as the Sovereign Immunity Act states that "the defense of sovereign immunity shall not be raised to claims for damages caused by ... [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including ... property of persons held by a Commonwealth agency...." 42 Pa.C.S. § 8522(b)(3). Williams sets forth a **claim for damages** to his television set **caused by the care** of the television set while it was **in the possession of Commonwealth parties.** Based on the plain language of section 8522(b)(3), the state employees may not raise sovereign immunity as a defense in this case.[2] *See Payton v. Horn,* 49 F.Supp.2d 791 (E.D.Pa.1999) (holding that section 8522(b) provides a remedy for inmates when a prison official negligently handles an inmate's personal property).

### IV. Count 2: Assumpsit

■ Although the state employees ask this court to affirm the dismissal of Williams' entire complaint as frivolous, the state employees do not offer an alternative basis for dismissal of the assumpsit claim in Count 2. This court has stated that the Commonwealth has waived sovereign immunity as a defense in causes of action for assumpsit. *McKeesport Municipal Water Authority v. McCloskey,* 690 A.2d 766 (Pa. Cmwlth.), *appeal denied,* 549 Pa. 708, 700 A.2d 445 (1997). Thus, we may not affirm the trial court's dismissal of Count 2 on the basis of sovereign immunity.

Accordingly, we affirm the dismissal of Count 1; however, we reverse the dismissal of Counts 2 and 3 and remand this case to the trial court for further proceedings.

**2.** The state employees point out that, in *Serrano v. Pennsylvania State Police,* 130 Pa. Cmwlth. 531, 568 A.2d 1006 (1990), this court stated that, for the personal property exception to apply, the property itself must be re-

### ORDER

AND NOW, this 28th day of February, 2007, it is hereby ordered that:

1. The order of the Court of Common Pleas of Allegheny County (trial court), dated May 1, 2006, is affirmed to the extent that the order dismisses Count 1 of the complaint filed by Anthony Williams.

2. The order is reversed to the extent that the order dismisses Count 2 and Count 3 of Williams' complaint.

3. This case is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

sponsible in some manner for the injury. However, in *Serrano,* the injury was separate and distinct from the property; here, the injury is the loss of the property itself. Thus, *Serrano* does not control.