# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert DeShields, :
               Appellant :
                     : No. 1049 C.D. 2016
          v. : SUBMITTED: February 17, 2017
                     :
Thomas Bennett

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                     **FILED: June 20, 2017**

       Robert DeShields, an inmate under the custody of the Department of Corrections (DOC), appeals *pro se* from an order of the Court of Common Pleas of Greene County granting the motion for summary judgment of correctional officer Thomas Bennett and dismissing inmate DeShields' complaint with prejudice. We affirm.

       In his second amended complaint, which includes two negligence counts and one count labelled willful misconduct, DeShields avers as follows. On January 27, 2014, two correctional officers conducted a full reinventory of all of his personal property. December 23, 2014, Second Amended Complaint, ¶ 5. The next day, DeShields was transferred from SCI-Forest to SCI-Greene and arrived with one TV and one foot locker. *Id*., ¶ 4. Instead of being unpacked and reinventoried, his property was sent to the restricted housing unit. *Id*., ¶ 7.

On February 11, 2014, DeShields' property was unpacked and reinventoried in his absence. *Id.*, ¶ 8. Later that day, however, he was afforded an opportunity to view and access his property. *Id.*, ¶ 10. At that time, he observed that it had been divided into two parts: commissary and personal property items. *Id.*, ¶ 11. During the first segment of the two-part assessment and reinventory, Bennett "took possession, direct custody, care & control of approximately sixty dollars ($60) of approved & authorized commissary." *Id.*, ¶ 12. Thereafter, Bennett instructed a fellow officer to list commissary items on DOC form DL-154A (#500910), a confiscated items receipt. *Id.*, ¶ 13. At that time, DeShields advised the officers that he would be filing a grievance regarding those items. In his complaint, DeShields made contradictory allegations in that he averred both that he signed the receipt with the understanding that "no further actions were to take place until plaintiff's grievance process was finalized" and that he did not sign it once Bennett informed DeShields that the officer would not destroy those items pending the grievance being finalized. *Id.*, ¶¶ 14, 15. In any event, there is no dispute that the receipt in question does not bear DeShields' signature. *See* DOC's March 30, 2016, Motion for Summary Judgment, Attachment A, Confiscated Items Receipt.

Subsequently, when DeShields sent Bennet a request to staff form requesting the return of the property on February 18, 2014, Bennett advised him that "these items were destroyed on 2/11/14." Second Amended Complaint, ¶ 16. On February 28, 2014, DeShields lodged Inmate Grievance #499796 "which included all appropriate levels of appeal." *Id.*, ¶ 18. In the final decision upholding the denial of the grievance, the Chief Grievance Officer observed that, even if a prisoner is allowed to buy $70 worth of commissary items, he cannot do

so if it will result in the inmate possessing property in excess of the limits set forth in DC-ADM 815 limiting a prisoner's property to one footlocker and two record boxes *or* four record boxes. Further, he stated that an inmate has "to monitor the amount of property that [he has] and keep in mind the property limit imposed by the [DOC]." DOC's March 30, 2016, Motion for Summary Judgment, Attachment A, June 12, 2014, Final Appeal Decision.

In December 2014, DeShields filed the second amended complaint at issue essentially alleging that Bennett improperly destroyed and refused to replace or compensate the inmate for his lost property. In the officer's answer with new matter, Bennett denied the material allegations and raised sovereign immunity as an affirmative defense. Following discovery, he filed a motion for summary judgment therein arguing that DeShields waived his right to bring the action because he voluntarily agreed in writing that any excess property would be confiscated, that claims for intentional torts filed against a Commonwealth party are barred, and that the trial court should grant deference to DOC's policy limiting the amount of personal property that can be transferred. In January 2015, the trial court granted Bennett's motion for summary judgment without including any reasoning. DeShields' appeal followed.[1]

The entry of summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Marks v. Tasman*, 589 A.2d 205, 206 (Pa. 1991). The record must be viewed in the light most favorable

---

[1] The trial court granted DeShields' petition for allowance of appeal *nunc pro tunc* in June 2016.

to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Our review of an order granting summary judgment involves only an issue of law. Hence, our review is plenary.

In the present case, DeShields first argues that he did not waive his right to bring the present action in that Bennett has falsely asserted that the inmate signed the confiscated items receipt, thereby agreeing that any excess property would be confiscated. Accordingly, DeShields maintains that there is a genuine issue of material fact as to whether he voluntarily relinquished his property.

As previously noted, the receipt in question does *not* bear DeShields' signature.[2] In that regard, Bennett acknowledges that there may be a dispute of fact as to whether the inmate voluntarily relinquished his property. Nonetheless, we agree with Bennett that this potentially disputed fact is not material to the ultimate legal issue of whether DeShields' claims are barred by sovereign immunity. *See Strine v. Com. of Pa. MCARE Fund*, 894 A.2d 733 (Pa. 2006) (holding that, factual issues are "material" for purposes of summary judgment if their resolution could affect the outcome of the case under the governing law). As Bennett observes, DeShields' signature on the receipt would not definitively prove that his relinquishment was voluntary and would be more in the nature of an acknowledgement of confiscation. Accordingly, we agree with DeShields that he did not waive his right to bring the present action and turn to his next argument.

DeShields next maintains that his complaint states a cause of action for negligence and that it should have survived a motion for summary judgment.

---

[2] The document at issue bears signature lines only for the staff member confiscating the items and the staff member disposing of the items.

4

Specifically he contends that Bennett owed him a legal duty to exercise care, custody, and control over the authorized and non-contraband personal property, that the officer breached that duty of care by destroying that property before DeShields could file a grievance, that the officer caused the destruction of that property, and that DeShields suffered damages due to the loss of that property. Accordingly, DeShields alleges that Bennett's "failure to return plaintiff's authorized commissary items &/or hold to the outcome of the grievance process or otherwise compensate [him] for the items in questions [sic] constitute negligence under the law. . . ." Second Amended Complaint, ¶ 17.

Moreover, DeShields maintains that his action is not barred by sovereign immunity because state employees may not raise immunity in negligence actions concerning damages to personal property in the possession of Commonwealth agents pursuant to Section 8522(b)(3) of the act commonly known as the Sovereign Immunity Act (Act), 42 Pa. C.S. § 8522(b)(3). In support, DeShields cites *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007), and *Payton v. Horn*, 49 F.Supp.2d 791 (E.D. Pa. 1999), holding that Section 8522(b) provides a remedy for prisoners when a prison official negligently handles a prisoner's personal property. DeShields' position is without merit. While it is true that a claim for negligent damage to a prisoner's property in the possession of Commonwealth parties may fall within the personal property exception to sovereign immunity found in Section 8522(b)(3) of the Act,[3] sovereign immunity

---

[3] Sovereign immunity is waived for claims for negligence where a party can establish: (1) a common law or statutory cause of action under which damages would be recoverable if not for the sovereign immunity defense; and (2) the alleged negligent act falls within one of the specifically enumerated exceptions provided by statute. Section 8522 of the Act, 42 Pa. C.S. § 8522; *La Chance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005).

protects a Commonwealth employee acting within the scope of his or her employment from the imposition of liability for intentional torts. Section 8521 of the Act, 42 Pa. C.S. § 8521; *Kull v. Guisse*, 81 A.3d 148, 157 (Pa. Cmwlth. 2013).

Here, DeShields alleged that Bennett acted within the scope of his employment. Second Amended Complaint, ¶¶ 20 and 27. In addition, the inmate alleged that his property was in Bennett's possession, care, direct custody and control, that the items were confiscated, and that they were subsequently destroyed. *Id.*, ¶¶ 12, 13, 16, and 20. In other words, DeShields has not alleged that Bennett merely caused damage to the inmate's property through negligence, but that the corrections officer destroyed his property. Such averments are tantamount to the intentional tort of conversion,[4] which has been defined as "the deprivation of another's right of property in, or use of possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *McKeeman v. Corestates Bank*, 751 A.2d 655, 659 n.3 (Pa. Super. 2000). Accordingly, because DeShields has averred that Bennett's acts were intentional and the Chief Grievance Officer concluded that Bennett's actions bringing DeShields into "property compliance" were within the course of his duties

---

[4] In support of his position that DeShields' allegations sound in conversion, Bennett has cited the memorandum opinion of *Sloan v. Coleman*, (Pa. Cmwlth., 539 C.D. 2014, filed June 5, 2015). (Pursuant to Section 414 of Commonwealth Court's Internal Operating Procedure: "Parties may also cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.") In *Sloan*, slip op. at 8-9, this Court, in relevant part, held that where an inmate was being transferred from one SCI to another and alleged that an officer had intentionally destroyed some of his property, the personal property exception to sovereign immunity did not apply in that the officer's alleged acts were tantamount to the intentional tort of conversion. *See also Goodley v. Folino*, (Pa. Cmwlth., 2376 C.D. 2010, filed July 22, 2011), slip op. at 8 (holding that the intentional and deliberate taking of property did not constitute conduct that fell within the personal property exception to sovereign immunity).

as a corrections officer,[5] the personal property exception to sovereign immunity does not allow DeShields' claim. *Morgalo v. Gorniak*, 134 A.3d 1139, 1147 (Pa. Cmwlth. 2016) (holding that, where an inmate's claim was that the inmate accounting clerk and the county clerk of courts intentionally and deliberately took his money and failed to return it, the taking of the property was not conduct that fell within personal property exception).

Accordingly, we affirm.[6]

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[5] DeShields may not relitigate his grievance in this Court. *See Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-60 (Pa. 1998) (no appellate jurisdiction over decision regarding grievance pertaining to confiscation of property pursuant to DC-ADM 815).

[6] Given our disposition, we need not reach DeShields' argument that he is entitled to compensation for the costs of the proceeding.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert DeShields,                  :
              Appellant            :
                                   :    No.  1049 C.D. 2016
          v.                       :
                                   :
Thomas Bennett                     :


# **O R D E R**


AND NOW, this 20th day of June, 2017, the order of the Court of Common Pleas of Greene County is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge