# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, aka Kirby Stewart,    :
                 Petitioner    :
                              :
          v.                 :    No. 695 M.D. 2016
                              :    Submitted: May 12, 2017
Pa. Dept. of Corr's. et al., at         :
SCI-Somerset, SCI-Mahanoy,       :
and SCI-Camp Hill,               :
                 Respondents    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE JULIA K. HEARTHWAY, Judge[1]
                 HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                  **FILED: September 11, 2017**


Before this Court in our original jurisdiction are the preliminary objections of the Pennsylvania Department of Corrections and the State Correctional Institutions at Somerset (SCI-Somerset), Mahanoy (SCI-Mahanoy), and Camp Hill (SCI-Camp Hill) (collectively, Respondents), to a petition for review in the nature of a writ of replevin filed by inmate Kevin Williams (Petitioner), *pro se*. Petitioner asks this Court to direct Respondents to return or replace certain personal items. For the reasons expressed below, we sustain Respondents' preliminary objections.

---

[1] This decision was reached before Judge Hearthway's service with the Court ended on September 1, 2017.

Petitioner, currently incarcerated at State Correctional Institution at Forest (SCI-Forest), asserts the following factual allegations in his writ of replevin, filed December 16, 2016. Petitioner was incarcerated in Michigan due to overcrowding. Upon his return to SCI-Forest in May 2011, Petitioner alleges that his sneakers were confiscated. Petitioner also alleges that on January 28, 2013, during a transfer from SCI-Somerset to SCI-Mahanoy, his watch and beard trimmer were confiscated. Petitioner alleges that some member of the staff at either SCI-Somerset or SCI-Mahanoy broke his typewriter. Petitioner additionally alleges that several of his personal belongings were confiscated in April 2014, when he was placed in the Restricted Housing Unit. Petitioner asserts that one pair of sneakers, his beard trimmers, thermal clothing, and some "other items" were, in fact, returned. (*See* Pet.'s Br. at 5.) Petitioner asks this Court to order Respondents to return the remainder of his personal items, specifically his sneakers and watch, and to replace his typewriter.

Respondents filed preliminary objections in the nature of a demurrer, alleging that on the face of Petitioner's replevin action, the law could not permit recovery against them because they are immune from Petitioner's claim under what is commonly referred to as the Sovereign Immunity Act.[2] Respondents also allege that Petitioner's claim is barred by the statute of limitations. [3]

---

[2] 42 Pa. C.S. §§ 8521-8528.

[3] Respondents further contend that any due process claim by Petitioner should be denied and Respondents' preliminary objections granted, because Respondents provided a post-deprivation remedy that is sufficient for due process purposes. We do not read Petitioner's action for replevin or brief in support of his action to develop adequately any due process claim. Accordingly, though Petitioner does haphazardly mention the concepts of due process and equal protection, we need not address them.

2

In ruling on preliminary objections, we accept as true all well-pled material allegations in the petition for review and any reasonable inferences that we may draw from the averments. *Meier v. Maleski*, 648 A.2d 595, 600 (Pa. Cmwlth. 1994). The Court, however, is not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review. *Id.* We may sustain preliminary objections only when the law makes clear that the petitioner cannot succeed on his claim, and we must resolve any doubt in favor of the petitioner. *Id.* When considering preliminary objections in the nature of a demurrer, we may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted. *Clark v. Beard*, 918 A.2d 155, 158 (Pa. Cmwlth. 2007). Moreover, we have held that "a demurrer cannot aver the existence of facts not apparent from the face of the challenged pleading." *Martin v. Dep't of Transp.*, 556 A.2d 969, 971 (Pa. Cmwlth. 1989).

Here, we agree that Petitioner's action is barred on its face by sovereign immunity. An action of replevin "is founded upon the wrongful taking and detention of property and seeks to recover property in possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained." *Valley Gypsum Co., Inc. v. Pa. State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). In *Valley Gypsum*, we concluded that an action in replevin does not fall within any exception to immunity contained in Section 8522 of the Sovereign Immunity Act, 42 Pa. C.S. § 8522. *Id.* Accordingly, we held that "an action for replevin for personal property . . . is neither [an action] for damages arising out of a negligent act nor within the purview of the exceptions to sovereign immunity which may impose liability." *Id.*

3

We agree with the Respondents' position that, as in *Valley Gypsum*, Petitioner's writ of replevin is precluded by sovereign immunity.[4]

Consequently, we sustain Respondents' first preliminary objection, pertaining to sovereign immunity. As sovereign immunity serves as a total bar to Petitioner's action, we need not address Respondents' remaining preliminary objections.

_____
P. KEVIN BROBSON, Judge

_____

[4] Section 8522(b)(3) of the Sovereign Immunity Act, 42 Pa. C.S. § 8522(b)(3), provides, in part, that "[t]he defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency." In *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth.), *appeal denied*, 932 A.2d 1290 (Pa. 2007), we observed that, in *Payton v. Horn*, 49 F. Supp.2d 791 (E.D. Pa. 1999), the United States District Court for the Eastern District of Pennsylvania held "that [S]ection 8522(b) provides a remedy for inmates when a prison official negligently handles an inmate's personal property." *Williams*, 917 A.2d at 918. In *Williams*, we held that state correctional institution employees were not entitled to sovereign immunity under Section 8522(b)(3) of the Sovereign Immunity Act with regard to an inmates' *negligence claim* to recover for damage to his television set caused by the care of the television set while in the possession of correctional institution employees. *Id.* We similarly concluded "that the Commonwealth has waived sovereign immunity as a defense in cases of action for *assumpsit*." *Id.* (emphasis added). In this Court's unreported panel decision in *Mercaldo v. Kauffman*, (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016), which we cite pursuant to Commonwealth Court Internal Operating Procedure § 414(a) for its persuasive value and not as binding precedent, we described assumpsit as a "common law action in which a plaintiff claims that defendant breached an express or implied promise to perform some act or make a payment for a plaintiff." *Mercaldo*, slip op. at 5. In *Mercaldo*, we concluded, however, that the inmate in that case did not allege any "facts suggesting that an express or implied contract existed between him" and the state correctional institution employees regarding the loss of his laundry or facts suggesting a breach of any quasi-contract that exists with regard to his laundry. *Id.* Here, we note that Petitioner neither alleges negligence, in general or against a particular employee or employees, nor alleges a claim for assumpsit. Rather, he appears only to set forth a claim for replevin, for which the Commonwealth has not waived sovereign immunity.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, aka Kirby Stewart,    :
                Petitioner    :
                                      :
            v.                    :     No. 695 M.D. 2016
                                        :
Pa. Dept. of Corr's. et al., at          :
SCI-Somerset, SCI-Mahanoy,       :
and SCI-Camp Hill,               :
                Respondents    :

# O R D E R

AND NOW, this 11th day of September, 2017, the preliminary objection by the Pennsylvania Department of Corrections, the State Correctional Institution at Somerset, the State Correctional Institution at Mahanoy, and the State Correctional Institution at Camp Hill based on sovereign immunity is SUSTAINED, and the action is DISMISSED.

_____
P. KEVIN BROBSON, Judge