IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Clinton Hitner, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 281 M.D. 2022 |
| | : | |
| PA Dept of Corrections, | : | |
| Mrs. Blake, Mrs. Winters, | : | |
| Respondents | : | Submitted: May 12, 2023 |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                                    FILED: August 8, 2023

Before this Court are preliminary objections (POs) filed by the Pennsylvania Department of Corrections (DOC), which assert that a petition for review (PFR) filed by Clinton Hitner (Hitner) fails to plead facts necessary to support a negligence claim against the DOC, Mrs. Blake (Blake), and Mrs. Winters (Winters) (collectively, Respondents).[1]   After review, we sustain DOC's POs and dismiss Hitner's PFR without prejudice.

## I.  Background

On October 26, 2021, Hitner, an inmate in the custody of the DOC at SCI-Forest, sent Form DC-135A, Inmate's Request To Staff Member (Inmate Request), along with four affidavits, to SCI-Forest's law library, with a request that the law library provide Hitner with two copies of each affidavit.

---

[1] Petitioner did not provide the first names for Mrs. Blake and Mrs. Winters. Blake and Winters are librarians at the State Correctional Institution at Forest (SCI-Forest).

Hitner vaguely asserts that he would use the affidavits to "overturn his misconduct" and "win his civil case."  PFR, ¶ 21.  He does not otherwise disclose the nature or content of the affidavits.  The underlying civil action, *Hitner v. Reese*, No. 1:21-CV-0430, 2022 WL 3362535, was dismissed by the United States District Court for the Middle District of Pennsylvania on August 15, 2022.

Hitner attached a signed cash slip for copying costs to his Inmate Request. Although $.90 was deducted from Hitner's inmate account on October 27, 2021, Hitner did not receive the requested copies, and his original affidavits were not returned.  On November 12, 2021, Hitner filed a grievance against the law library for failing to return his affidavits and copies thereof.  Hitner requested relief in the amount of $25,000.  The officer investigating Hitner's grievance found that SCI-Forest's business office deducted $.90 from Hitner's inmate account; however, the law library had no record of receiving Hitner's Inmate Request.  The grievance officer denied Hitner's grievance citing a lack of proof that Hitner ever submitted the Inmate Request.

Hitner appealed the denial of his grievance, which the grievance officer upheld to the extent he found the law library had not received Hitner's Inmate Request.  As a review of Hitner's inmate account confirmed that $.90 for "[c]opies" was deducted on October 27, 2021, the grievance officer directed that Hitner receive a refund of those funds.  Hitner filed a second appeal, which SCI-Forest's facilities manager denied on the basis that Hitner had not presented any new information that refuted the grievance officer's findings.  Hitner's subsequent appeal was likewise denied, as the law library had "no record of receiving [Hitner's] documents nor any record of making copies for [him,]" and the deduction to Hitner's inmate account had been "reportedly rectified."  PFR, Ex. N.

On May 27, 2022, Hitner filed his PFR asserting a claim for negligence against Respondents for the alleged loss of Hitner's affidavits. Hitner avers that Respondents are responsible for the care, custody, and control of his affidavits, that Respondents committed theft by charging Hitner for copies that they never made, and that Respondents negligently lost or destroyed Hitner's affidavits. As Hitner had exhausted his administrative remedies through the grievance process, Hitner seeks $25,000 as compensation for the loss of the affidavits.

DOC filed POs to the PFR, arguing that Hitner failed to establish a claim for negligence, which required that Hitner allege Repondents owed him a duty of care and that Respondents breached that duty, resulting in "an actual loss or damage." POs, ¶¶ 17, 21. While Hitner's PFR alleges that Respondents are responsible for the care, custody and control of Hitner's affidavits, which "went missing[,]" Hitner fails to plead facts establishing that Respondents owed him a duty, and that such duty was breached. *Id.*, ¶ 23. DOC asserts that the exhibits Hitner attached to his PFR merely demonstrate that the law library never received the affidavits that Respondents allegedly negligently handled and lost.[2] As Hitner failed to plead the necessary elements of a negligence claim, DOC requests that this Court sustain its POs and dismiss Hitner's PFR with prejudice.

## II. Discussion

In ruling on POs, we must accept as true all well-pleaded material facts in the petition for review and all inferences reasonably deducible therefrom. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We are not required to accept as

---

[2] The exhibits to the PFR include his initial grievance, the grievance officer's findings, Hitner's appeals and the decisions rendered thereon, and affidavits from two inmates who "swear and affirm" that they witnessed Hitner send the Inmate Request to the law library on October 26, 2021, along with the cash slip and affidavits. PFR, Exs. B-C.

true any conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. *Id.* POs testing the legal sufficiency of a pleading will be sustained only where the pleading clearly fails to state a claim for which relief may be granted. *Id.*

Generally, sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability. *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013). This protection extends to claims for intentional torts, provided that the Commonwealth employees were acting within the scope of their employment. *Id.* Pursuant to Section 8522 of the Judicial Code (Code), 42 Pa. C.S. § 8522, the General Assembly has waived sovereign immunity in certain limited situations involving the negligence of a Commonwealth employee. In these situations, sovereign immunity is waived for damages arising out of a negligent act where the common law or a statute would permit recovery if the injury was caused by a person not protected by sovereign immunity.[3] The alleged negligent act must also fall under one of the enumerated exceptions to sovereign immunity set forth in Section 8522(b) of the Code,[4] which are to be strictly construed. *Dean v. Dep't of Transp.*, 751 A.2d 1130, 1132 (Pa. 2000). Therefore, in determining whether a Commonwealth employee is protected from liability by Section 8522 of the Code, we must consider whether the employee was acting within the scope of his or her employment, whether the alleged act was negligent and damages would be recoverable but for the defense of sovereign immunity, and whether the act fits within one of the exceptions set forth in Section 8522(b). *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992).

---

[3] 42 Pa.C.S. § 8522(a).

[4] 42 Pa.C.S. § 8522(b).

4

Hitner's negligence claim relies on the exception in Section 8522(b)(3) of the Code,[5] which permits a claim for damages caused by the care, custody, or control of personal property in the possession or control of Commonwealth parties, including property held by a Commonwealth agency. This Court has previously held that sovereign immunity will not bar a claim where an inmate has alleged negligence that resulted in damage to property in the care, custody, or control of prison employees. *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007). To maintain an action for negligence, a petitioner must prove the following: (1) that the respondent had a duty or obligation recognized by law; (2) that the respondent breached that duty; (3) a causal connection exists between the respondent's conduct and the resulting injury; and (4) actual damages. *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011).

Hitner's PFR asserts that Respondents were responsible "at all times" for the care, custody, and control of his property. PFR, ¶¶ 3-5. On October 26, 2021, Hitner allegedly sent his Inmate Request, along with a cash slip and two affidavits, to the law library, and requested two copies of each affidavit. *Id.*, ¶ 8. Hitner did not receive the requested copies, although 90 cents was deducted from his inmate account. *Id.*, ¶ 9. Hitner requested the copies, and the return of his affidavits, on November 3, 2021, and November 10, 2021. *Id.*, ¶ 10. On November 12, 2021, Hitner filed a grievance against the law library because he was charged for copies that were not made and his original affidavits were not returned. *Id.*, ¶ 11. During the grievance process, Hitner obtained affidavits from two inmates who stated that Hitner sent the Inmate Request, affidavits, and cash slip to the law library on October 26, 2021. *Id.*, ¶ 15. By charging Hitner for copies he never received, Respondents

---

[5] 42 Pa.C.S. § 8522(b)(3).

"committed theft[.]" *Id.*, ¶ 20. Respondents "negligently [lost] or destroy[ed]" Hitner's affidavits. *Id.*, ¶ 21. As a result, Hitner is denied the use of his affidavits to "overturn his misconduct" and "win his civil case." *Id.*

DOC is correct that the PFR does not specifically allege that Respondents had a duty to Hitner and that they breached that duty. Rather, it alleges that Hitner sent his affidavits to the law library, placing those documents in Respondents' care, custody, and control, and that the affidavits were subsequently lost. With respect to Blake and Winters, the PFR fails to allege facts that suggest either individual received or handled Hitner's affidavits or that they had a duty to safeguard the affidavits, which duty they subsequently breached. Moreover, Hitner has not pled facts that would prove he suffered an injury that is causally connected to the lost affidavits, or that he sustained actual damages to support a compensatory award in the amount of $25,000. Hitner received a refund for the copying costs that were deducted from his inmate account. Although Hitner generally alleges that the loss of his affidavits hinders his ability to pursue pending legal matters, the PFR does not specify the nature of the civil litigation or the misconduct report he seeks to overturn, how the affidavits relate to these matters, or how their loss acts to Hitner's detriment. To maintain an action for negligence, Hitner had to plead more than the loss of his property. He also had to plead facts that he suffered an injury and "actual damages." *Page*, 25 A.3d at 475. Hitner's PFR fails to plead facts suggesting that he suffered an injury or damages. As such, it fails to state a valid negligence claim against Respondents.

In light of the foregoing, we sustain DOC's PO challenging the legal sufficiency of Hitner's PFR. However, because there is a possibility that Hitner can cure the defects in his pleading, and plead the facts necessary to support a negligence

6

claim as set forth above, we give Hitner leave to amend his PFR pursuant to Rule 1033(a) of the Pennsylvania Rules of Civil Procedure.[6]

_____
ELLEN CEISLER, Judge

---

[6] Pa.R.C.P. 1033(a). Rule 1033(a) provides that "[a] party . . . by leave of court, may at any time . . . amend the pleading."

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clinton Hitner,                          :
                    Petitioner           :
                                         :
        v.                               :   No. 281 M.D. 2022
                                         :
PA Dept of Corrections,                  :
Mrs. Blake, Mrs. Winters,                :
                    Respondents          :

**O R D E R**

AND NOW, this 8th day of August, 2023, the preliminary objections filed by the Pennsylvania Department of Corrections (DOC) are hereby SUSTAINED and the petition for review filed by Clinton Hitner (Hitner) is hereby DISMISSED WITHOUT PREDJUDICE in accordance with the foregoing opinion. Hitner is GRANTED LEAVE to file an amended petition for review within 30 days of this date.

_____
ELLEN CEISLER, Judge