IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Jordan, : 
                    Appellant : 
                       : 
              v. : 
                       : 
Pennsylvania Department of : 
Corrections; Correctional Officer : 
D. Pribish; Correctional Officer : 
S. Pekgar; and Correctional Captain :   No. 723 C.D. 2024
J. Seanor :   Submitted: July 7, 2025

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: August 6, 2025

Charles Jordan (Jordan), an inmate at the State Correctional Institution in Coal Township (SCI-Coal Township), appeals[1] *pro se* from an order of the Court of Common Pleas of Somerset County (Trial Court) dated February 26, 2024, which denied Jordan's request to proceed *in forma pauperis* (IFP) and dismissed his civil complaint. Upon review, we affirm the Trial Court's order.

## I. Background

In November 2023, Jordan filed a writ of summons in the Trial Court, accompanied by an IFP affidavit and a civil cover sheet indicating that the cause of action was intentional tort. *See* Original Record (OR), Items #1 & Writ of Summons

---

[1] Jordan filed his appeal in the Superior Court, which transferred the appeal to this Court.

(unnumbered). The Trial Court subsequently notified Jordan that he would need to file a complaint in order for the Trial Court to rule on his IFP petition, or if he wished to proceed by writ of summons, he would need to pay the applicable filing fee. *Id.*, Item #3. In January 2024, Jordan filed "Plaintiff's Complaint of Intentional Tresspass [sic], of Fraud, Violations of the United States, Pennsylvania Constitutional Rights, Pennsylvania Crime Code, and Intentional Infliction of Emotional Distress" (Complaint). *Id.*, Complaint (unnumbered). Jordan alleged that his "personal property was continuously searched, and eventually seized under a false pretense" by the defendants. *Id.* at 1. In his demand for a jury trial, Jordan again described his claims as intentional trespass, fraud, violations of constitutional rights, and intentional infliction of emotional distress. *Id.* at 2. Jordan alleged that he had been charged with a misconduct following the repeated searches and that his personal property had been confiscated. *Id.* at 3. When his personal property was returned, some items were damaged and others were missing. *Id.* at 4-6. He filed a grievance, which was denied as to property that he could not prove he had acquired legitimately. *Id.* Jordan alleged that the defendants "intentionally tresspassed [sic], used fraud to confiscate, damage, loss [sic], and destroy [Jordan's] personal property." *Id.* at 7.

In February 2024, the Trial Court issued an opinion and order dismissing the Complaint as frivolous and simultaneously denying IFP status. OR, Item #4. The Trial Court relied on Rule 240(j) of the Pennsylvania Rules of Civil Procedure, which provides, in pertinent part:

> (j)(1) If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is

2

untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

> Official Note
>
> A frivolous action or proceeding has been defined as one that ''lacks an arguable basis either in law or in fact.'' *Neitzke v. Williams*, 490 U.S. 319 . . . (1989).
>
> (2) If the petitioner commences the action by writ of summons, the court shall not act on the petition for leave to proceed *in forma pauperis* until the complaint is filed. . . .

Pa.R.Civ.P. 240(j). The Trial Court also relied on Section 6602(e)(2) of the Judicial Code, which provides, in pertinent part:

> **(e) Dismissal of litigation.**--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> . . . .
>
> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief. . . .

42 Pa.C.S. § 6602(e)(2).[2]

The Trial Court determined that the Complaint lacked any basis in law or fact because it alleged only intentional torts, for which the defendants enjoyed immunity from suit. OR, Item #4 at 2-4. The Trial Court explained:

> In contrast to a claim of negligence, the gravamen of [Jordan's C]omplaint is intentional tort on the part of the

---

[2] The Trial Court's opinion erroneously cited the statute as 42 Pa.C.S. § 6602(3)(2).

officers who conducted the search and handled the grievance. Where an inmate claims his property is intentionally destroyed, the claim is barred by sovereign immunity. *Paluch v. Pa. Dep*[*'t*] *of Corr*[.], 175 A.3d 433, 441 (Pa. Cmwlth. 2017)[ ()citing *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007) ("when an employee of a Commonwealth agency was acting within the scope of his or her duties, the Commonwealth employee is protected by sovereign immunity from the imposition of liability for intentional tort claims")[)]. Here, [Jordan's] claim, pled as an intentional tort, is precluded because sovereign immunity applies.

*Id.* at 3. Accordingly, the Trial Court dismissed the Complaint as frivolous and simultaneously denied the IFP petition. *See id.* at 4. Jordan's appeal followed.

## II. Issues

On appeal, Jordan asserts several issues, which we summarize as follows.[3] First, Jordan suggests that this Court should retransfer this appeal to the Superior Court because we lack original jurisdiction over his claim. Second, Jordan asserts that he should be allowed to amend his Complaint *nunc pro tunc* and that we should remand this matter to the Trial Court to allow him to do so. Third, Jordan argues that the Trial Court violated Rule 240 of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 240, by insisting that he file the Complaint rather than just a praecipe for a writ of summons. We address each argument in turn.

---

[3] The individual defendants have not filed any documents in this Court, and no counsel has entered an appearance on their behalf. The Pennsylvania Department of Corrections submitted a letter to this Court indicating it will not be participating in the appeal before this Court, inasmuch as the Trial Court dismissed the action before Jordan effected service of his complaint.

## III. Discussion

## A. Original Jurisdiction

Jordan first posits that this Court lacks original jurisdiction over this matter. However, Jordan's argument fails to recognize that this is not an original jurisdiction matter. This is an appeal that was improperly filed in the Superior Court, which transferred it to this Court as having appellate jurisdiction over it. Under Section 762(a)(1)(ii) of the Judicial Code, this Court has jurisdiction over appeals from common pleas courts in matters involving Commonwealth parties. 42 Pa.C.S. § 762(a)(1)(ii). The definition of a "Commonwealth party" in Section 8501 of the Judicial Code includes "[a] Commonwealth agency and any employee thereof . . . with respect to an act within the scope of his office or employment."[4] 42 Pa.C.S. § 8501. Here, Jordan clearly sued "Commonwealth parties" as defined by the Judicial Code. *See Small v. Trees* (Pa. Cmwlth., No. 149 C.D. 2016, filed July 27, 2016),[5] slip op. at 6 n.4 (explaining that the Department of Corrections and its employees are Commonwealth parties). Accordingly, this Court has jurisdiction over this appeal. We reject Jordan's jurisdictional argument as meritless.

## B. Leave to Amend the Complaint

Next, Jordan argues that the Trial Court erred by dismissing the Complaint without allowing him to amend it to strengthen his claim. He asks this Court to remand the matter to the Trial Court so that he can file an amended

---

[4] Although Jordan's Complaint included an averment that he was suing the defendants in both their official and personal capacities, he alleged no facts indicating any conduct outside the scope of their employment.

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, unreported opinions of this Court issued after January 15, 2008 may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

complaint, presumably to change his legal theory from intentional torts to negligence. He cites no legal authority for the proposition that the Trial Court should have offered him an opportunity to change the entire basis of his cause of action from intentional torts to negligence, where nothing in the Complaint suggested any basis for a negligence claim.

Jordan avers that he "realized after filing his [C]omplaint that he left out some topics and felt that once the [C]omplaint was served upon the defendant's [sic] that he would be able to amend his [C]omplaint as soon as the defendant's [sic] filed their preliminary [o]bjections." Br. of Appellant at 3. In its opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a) (1925(a) opinion), the Trial Court rejected this averment, stating:

> It is clear that [Jordan] had no intention to claim negligence until this court suggested in its opinion [dismissing the Complaint] that negligence claims are not covered by sovereign immunity. Rather, the gravamen of [Jordan's C]omplaint is the search itself and the delays in the grievance process. It is not the role of the court to supply [Jordan] with facts and allegations not pled in order to save the complaint from dismissal for frivolousness.

OR, Item #11 at 4 (footnote omitted). We agree.

Every aspect of the Complaint related solely to allegations of intentional conduct by the defendants. It was titled "Plaintiff's Complaint of Intentional Tresspass [sic], of Fraud, Violations of the United States, Pennsylvania Constitutional Rights, Pennsylvania Crime Code, and Intentional Infliction of Emotional Distress." *Id.*, Complaint (unnumbered) at 1. Jordan alleged that his "personal property was continuously searched, and eventually seized under a false pretense" by the defendants. *Id.* In demanding a jury trial, he again described his claims as relating to intentional conduct: intentional trespass, fraud, violations of

6

constitutional rights, and intentional infliction of emotional distress. *Id.* at 2. Jordan alleged that the defendants "intentionally tresspassed [sic], used fraud to confiscate, damage, loss, and destroy [Jordan's] personal property." *Id.* at 7. As the Trial Court correctly observed, nothing in the Complaint suggested that Jordan had any basis to allege negligent conduct by any defendant. Indeed, even before filing the Complaint, Jordan indicated on the civil cover sheet relating to his commencement of the action by writ of summons that the action sounded in "intentional tort," not in "negligence." *Id.*, Writ of Summons (unnumbered).

Jordan does not dispute that sovereign immunity bars intentional tort claims against Commonwealth parties. *See Young v. Wetzel*, 260 A.3d 281, 290 n.15 (Pa. Cmwlth. 2021). That being the case, the Trial Court acted properly under Section 6602(e)(2) of the Judicial Code by dismissing the Complaint as frivolous, *i.e.*, lacking any basis in law or fact, because the defendants were shielded from Jordan's intentional tort claims by sovereign immunity.

Jordan, implicitly conceding this defect of the Complaint, seeks to excuse his initial failure to plead a negligence claim by asserting that he was "under a great amount of pressure" when preparing the Complaint "due to the fact that he had to place his [C]omplaint in the mail prior to the statute of limitations expire [sic]." Br. of Appellant at 4. We discern no merit in this assertion. Jordan's brief does not offer any facts or legal citation to establish when the applicable statute of limitations was going to expire or what, if any, circumstances prevented him from commencing his action earlier. The Trial Court, in its notification to Jordan that he needed to file a complaint in order for his IFP petition to be considered, did not provide a specific time limit for filing the Complaint. *See* OR, Item #3. Moreover, the Trial Court, in its letter of explanation directing Jordan to file a complaint,

7

observed that Jordan had previously indicated his Complaint was already "in preparation." *Id.* The Complaint is neither lengthy nor complex. *See id.*, Complaint (unnumbered). Jordan offers no explanation for any time pressure he felt, other than his unsupported assumption that the statute of limitations was about to expire. We reject Jordan's unsupported contention that any filing deadline required him to file the Complaint without sufficient time to prepare it.

For these reasons, we discern no error by the Trial Court in dismissing the Complaint without providing leave to amend.


## C. Requirement to File a Complaint

Finally, Jordan insists that the Trial Court erred by refusing to rule on his IFP petition unless he filed the Complaint. This argument is meritless.

Jordan cites Rule 240(c)(3) of the Pennsylvania Rules of Civil Procedure, which requires that, "[e]xcept as provided by subdivision (j)(2), the court shall act promptly upon the petition and shall enter its order within [20] days from the date of the filing of the [IFP] petition." Pa.R.Civ.P. 240(c)(3); *see also* Br. of Appellant at 5. Jordan emphasizes the 20-day time limit for a court to rule on an IFP petition. *See* Br. of Appellant at 5. However, he quotes, yet ignores, the initial clause of Rule 240(c)(3), which makes the 20-day limit inapplicable where subdivision (j)(2) applies. As the Trial Court's 1925(a) opinion aptly explained, Rule 240(j)(2), quoted above, mandates that where an IFP petitioner commences an action by writ of summons, the trial court "*shall not* act on the [IFP] petition . . . until the complaint is filed." Pa.R.Civ.P. 240(j)(2) (emphasis added). Thus, the Trial Court was not only authorized, but required, to defer ruling on Jordan's IFP petition until the Complaint was filed. This requirement makes sense because, as the Trial Court

8

explained in its letter to Jordan directing him to file a complaint, a trial court must have the averments of the complaint before it "so that a determination can be made as to whether the claim is meritorious on its face" prior to ruling on an IFP petition. *See* OR, Item 3 at 1.

Jordan also points to Rule 240(j)(1) of the Pennsylvania Rules of Civil Procedure, quoted above, which provides that a court may dismiss an action prior to ruling on a simultaneously filed IFP petition if the action is frivolous. Pa.R.Civ.P. 240(j)(1). Although Jordan suggests his Complaint is not frivolous, he does not contend on appeal that he has a cause of action for any of the intentional torts he asserted in the Complaint. As he does not suggest there was a basis in either law or fact for the dismissed intentional tort claims, we discern no basis on which to reject the Trial Court's conclusion that those claims were frivolous.

For these reasons, we conclude that the Trial Court did not err in requiring Jordan to file the Complaint before ruling on his IFP petition.

## IV. Conclusion

Based on the foregoing discussion, we affirm the Trial Court's order dismissing the Complaint and denying Jordan's IFP petition.

_____
CHRISTINE FIZZANO CANNON, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Jordan, : 
               Appellant : 
           : 
        v. : 
           : 
Pennsylvania Department of : 
Corrections; Correctional Officer : 
D. Pribish; Correctional Officer : 
S. Pekgar; and Correctional Captain :    No. 723 C.D. 2024
J. Seanor : 

## **O R D E R**

AND NOW, this 6th day of August, 2025, the order of the Court of Common Pleas of Somerset County dated February 26, 2024 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge