# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Naheem White,                                    :
                         Appellant              :
                                                 :
              v.                                 :     No. 1341 C.D. 2019
                                                 :     Submitted:  August 28, 2020
F. Walter, Theresa Delbalso and                  :
John Wetzel                                      :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge

<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER                    FILED:  February 9, 2021


Naheem White (White), pro se, appeals from the July 29, 2019 Order (July 2019 Order) of the Court of Common Pleas of Schuylkill County (trial court) denying White's petition to proceed *in forma pauperis* (IFP) and dismissing White's complaint (Complaint) as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j), Pa.R.C.P. No. 240(j) (Rule 240(j)).  On appeal, White argues that his Complaint stated valid tort claims against State Correctional Institution at Mahanoy (SCI-Mahanoy) employees F. Walter, a Grievance Officer, and Theresa Delbalso, Superintendent, and Secretary of the Department of Corrections (DOC) John Wetzel (collectively, DOC Officials) that are not barred by sovereign immunity.  Upon review, we affirm the trial court.

## I. BACKGROUND

On July 8, 2019, White, an inmate at SCI-Mahanoy, filed a Complaint in the trial court seeking monetary damages against the DOC Officials. (Compl. ¶¶ 2-4, Original Record (O.R.) Item 1.) In the Complaint, White alleged that the DOC Officials, or a third party, Smart Communications, which has a contract to provide mail services for DOC, mishandled his mail. (*Id.* ¶¶ 5-9.) Specifically, White claimed that he did not receive photographs that he was expecting from his family but instead received another inmate's photographs. (*Id.* ¶¶ 5-6.) White further alleged that his attempts to resolve this problem through the prison grievance process failed. (*Id.* ¶¶ 10-15.) White asserted that he has a "First Amendment right to use the mail[,]" which, he claimed, the DOC's "new mail policy violates." (*Id.* ¶¶ 16-17.) According to White, his family will no longer send him mail. (*Id.* ¶ 18.) White maintained that Walter and Delbalso "negligently and carelessly fail[ed] to ensure [that White received his] personal property," including "photographs mailed to him." (*Id.* ¶¶ 23, 27.) He further alleged that Secretary Wetzel "negligently and carelessly outsourc[ed] Pennsylvania's prison mail[,] including [White's] personal property[,] photographs[,]" which are "now missing." (*Id.* ¶ 31.) He averred that the DOC Officials had a "duty . . . to properly address" grievances and corresponding appeals. (*Id.* ¶¶ 22, 26, 30.) White requested monetary damages "in excess of $35,000.00" against each of the DOC Officials. (*Id.*, Wherefore Clauses.) Also on July 8, 2019, White sought the trial court's permission to proceed with his action IFP. (O.R. Item 2.)

Through its July 2019 Order, the trial court denied White's petition to proceed IFP and dismissed his Complaint pursuant to Rule 240(j). The trial court concluded: "[White's] allegations regarding the [DOC Officials'] alleged

mishandling of his mail are vague and devoid of any specific factual allegations that establish valid claims against employees of the [DOC] which may or may not be barred by sovereign immunity and/or any violations of [White's] First Amendment rights." (Trial Ct. Ord., July 29, 2019, O.R. Item 3.) In an opinion supporting its July 2019 Order, the trial court first determined that, to the extent that White's Complaint requested that the trial court review prison grievance decisions, it could not do so pursuant to *Ricketts v. Central Office Review Committee of the Department of Corrections*, 557 A.2d 1180 (Pa. Cmwlth. 1989). (Trial Ct. Op., July 29, 2019, at 3, O.R. Item 3.) Second, the trial court found White's First Amendment claims meritless, as White had not been "denied the overall use of the mail" and he did not present facts supporting his allegations that the "new [DOC] mail policy and contract with a third party violates the First Amendment . . . ." (*Id*. at 3-4.) The trial court noted that White asserts that his family will not forward any mail to him, but the DOC cannot control the actions or decisions of White's family. (*Id*.) Third, the trial court could not discern whether White was seeking to advance a negligence claim against the DOC Officials or an intentional tort claim "such that if the [DOC Officials] were acting within the scope of their employment[, then they] would be protected by sovereign immunity." (*Id*. at 4.) The trial court also referred to White's claim that a third party may be liable as vague. (*Id*.) Thus, the trial court found that White's Complaint "'lacks an arguable basis either in law or in fact' and is therefore [] frivolous." (*Id*. (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)).) On August 19, 2019, White appealed the July 2019 Order to this Court.[1]

---

[1] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015).

3

By order dated September 4, 2019 (September 2019 Order), the trial court directed White to file a statement in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), (Rule 1925(b) Statement) "no later than twenty-five (25) days after the date of entry of [the September 2019] Order." (Trial Ct. Ord., Sept. 4, 2019, O.R. Item 10.) White filed his Rule 1925(b) Statement on September 23, 2019. (O.R. Item 11.) Therein, White framed the issue on appeal as: "[w]hether the trial court improperly dismissed [White's] Complaint as frivolous under [Rule 240(j)] where [White] alleged cognizable claims of negligence against [the DOC Officials] for the negligen[t] loss of [White's] personal property that was placed in [DOC's] care, custody, and control . . . ." (*Id.*) To his Rule 1925(b) Statement, White attached a certificate of service, dated September 19, 2019, indicating that he sent copies to the trial judge and the DOC's Office of Chief Counsel by First-Class United States Mail.

By order dated November 25, 2019, the trial court, without explanation, stated that White had "failed to comply" with its September 2019 Order and directed that the Schuylkill County Prothonotary transmit the record to this Court. (Trial Ct. Ord., Nov. 25, 2019, O.R. Item 12.)[2] On December 11, 2019, after noting the possibility that White "failed to comply with the trial court's order to file a [Rule 1925(b) Statement]," this Court ordered the parties to "address whether [White] waived all issues on appeal in their principal briefs on the merits or in an appropriate motion." (Ord., Dec. 11, 2019.)

---

[2] It appears that the trial court first directed White to file a Rule 1925(b) Statement by order dated August 19, 2019 (August 2019 Order). (Tr. Ct. Ord., Aug. 19, 2019, O.R. Item 8.) That order is identical to the trial court's September 2019 Order. Because the trial court's November 25, 2019 order references only the September 2019 Order, we proceed with the understanding that the September 2019 Order, not the August 2019 Order, triggered White's Rule 1925(b) obligations.

4

**II.    WHITE'S ARGUMENTS**[3]

On January 14, 2020, White filed an application for relief (Application) requesting that the Court deem his 1925(b) Statement timely filed. That same day, White filed a brief wherein he initially addresses the issue of whether he waived all issues on appeal by failing to file a Rule 1925(b) Statement. White argues that he complied with the trial court's September 2019 Order by submitting his Rule 1925(b) Statement to the "Prothonotary of Schuylkill County on September 19, 2019" and serving a copy "on the same day to the Honorable Charles M. Miller . . . ." (White's Brief (Br.) at 3.)

After setting forth his arguments pertaining to waiver, White presents his legal arguments supporting his allegations that the DOC Officials acted intentionally or negligently by failing to ensure that he received his mail. White maintains in his brief that he "properly ple[]d claims for an intentional tort[;]" yet, in the following sentence, he states that his "claims . . . sound[] in negligence." (*Id.* at 6.) White begins his analysis by applying the elements of negligence, as delineated in *Page v. City of Philadelphia*, 25 A.3d 471, 475 (Pa. Cmwlth. 2011), to his factual assertions:

> As alluded to in [the] [C]omplaint, [White's] personal property (mail) became [the DOC Officials'] responsibility via the United States Postal Service. [White] sufficiently alleged [that] his personal property was in [the DOC Officials'] care, custody or control. [] Thus, [White] is not precluded from pursuing his claim for negligence against [the DOC Officials] for the loss of his property.

(White's Br. at 7 (internal citations omitted).) Relying primarily on *Williams v. Stickman*, 917 A.2d 915 (Pa. Cmwlth. 2007), White argues that sovereign

---

[3] In a filing dated August 7, 2020, counsel for the DOC Officials informed the Court that counsel would not be submitting a brief on behalf of the DOC Officials.

immunity does not provide a defense where "an inmate alleges negligence resulting i[n] damage to property in the care, custody or control of prison employees." (White's Br. at 6.) White asks that the Court reverse the trial court's July 2019 Order.

## III. DISCUSSION

### A. 1925(b) Statement

We begin with the trial court's statement that White did not comply with the September 2019 Order related to filing his 1925(b) Statement. It is a bright-line rule that in order for litigants to preserve claims on appeal, they must comply with a trial court order to file a Rule 1925(b) statement. *See Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). This strict application of Rule 1925 may be harsh, but noncompliance with Rule 1925 "results in the inability of the appellate courts to determine which issues were presented to the trial court, and thus preserved for appeal . . . ." *Id.* Rule 1925(b) provides:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court**.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> (1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in [Pennsylvania Rule of Appellate Procedure 121(a),] Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P.

1112(c).  Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

Pa.R.A.P. 1925(b).[4]  It is unclear why the trial court stated that White failed to comply with the September 2019 Order, because, based on our review, White complied by timely filing his Rule 1925(b) Statement and contemporaneously serving the trial judge.  White's Rule 1925(b) Statement was timely because White filed it on September 23, 2019, 19 days after the date of entry of the September 2019 Order.  To his Rule 1925(b) Statement, White attached a certificate of service, dated September 19, 2019, indicating that he mailed a copy to the trial court judge.  For these reasons, White complied with the requirements of Rule 1925(b) and has preserved his issues for our review.  Because we conclude that White's Rule 1925(b) Statement was timely filed, we need not **deem** it timely filed, as White requested in his Application, which we dismiss as moot.

### B. Merits

We turn next to the merits of White's appeal challenging the trial court's dismissal of his Complaint as frivolous.  Rule 240(j) provides in relevant part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed [IFP], the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

---

[4] Following White's appeal, Rule 1925(b)(1) was amended, effective October 1, 2019. Previously, the rule specified that "service [of a Rule 1925(b) statement] on the judge shall be in person or by mail as provided by Rule of Appellate Procedure 121(a)."  *Former* Pa.R.A.P. 1925(b)(1).  Now, service on the judge "shall be at the location specified in the order [giving rise to the notice of appeal], and shall be either in person, by mail, or by any other means specified in the order [giving rise to the notice of appeal]."  Pa.R.A.P. 1925(b)(1).

Pa.R.C.P. No. 240(j)(1). A frivolous action has been defined as one that "lacks an arguable basis either in law or fact," Pa.R.C.P. No. 240(j)(1), Note (citation omitted), and a complaint will be deemed frivolous if it does not set forth a claim upon which relief can be granted. *Jones v. Doe*, 126 A.3d 406, 408 (Pa. Cmwlth. 2015). In reviewing the dismissal of a complaint under Rule 240(j), we are mindful that a pro se complaint should not be dismissed simply because it is not artfully drafted. *Bell v. Mayview State Hosp.*, 853 A.2d 1058, 1060 (Pa. Super. 2004);[5] *accord Whitehead v. Commonwealth* (Pa. Cmwlth., No. 1075 C.D. 2014, filed Jan. 21, 2015), slip op. at 4-5.[6]

### 1. Negligence

To state a claim for negligence under common law, White must show that the DOC Officials "owed a duty of care to [him], [the DOC Officials] breached that duty, the breach resulted in injury to [him], and [he] suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). "By definition, the alleged negligent conduct expressly excludes 'conduct that is intentionally, wantonly, or willfully disregardful of others' rights.'" *Washington v. Folino* (Pa. Cmwlth., No. 513 C.D. 2017, filed June 12, 2018), slip op. at 7 (quoting Black's Law Dictionary 1133 (9th ed. 2009)). "[N]egligence denotes 'culpable carelessness.'" *Id.*

---

[5] In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[6] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion of this Court, while not binding, may be cited for its persuasive value.

8

White's Complaint does not state cognizable negligence claims, as it includes only bald assertions that the DOC Officials owed him a duty of care with respect to his mail, and his averments as to breach of that duty are fatally vague. In his Complaint, White alleged that the DOC Officials had a duty to ensure that inmates at SCI-Mahanoy, like White, received their personal property, (compl. ¶¶ 22, 26, 30), and that the DOC Officials breached that duty by failing to ensure that White received photographs mailed to him, (*id.* ¶¶ 23, 27, 31). In his brief, White explains that his "personal property (mail) became the [DOC Officials'] responsibility via the United States Postal Service" and argues that his Complaint includes facts "to support his allegations that the [DOC Officials] had a duty to ensure delivery of [White's] property." (White's Br. at 7-8.) White contends in his brief that his Complaint contains averments that "support [White's] allegations that the [DOC Officials] breached th[eir] duty [of care] and, as a result, [White's] property was lost." (*Id.* at 8.) However, the trial court did not have before it any allegations indicating how the DOC Officials were involved in handling inmate mail at SCI-Mahanoy, nor how they had care, custody, or control of White's mail such that they owed White a duty of care, particularly when White alleged Walter was a Grievance Officer and Delbalso was "Superintendent [having] responsib[ility] for reviewing all administrative appeals at SCI[-]Mahanoy." (Compl. ¶ 3.) Moreover, White does not describe in any detail how Walter and Delbalso breached the duty that White alleged they owed to him. Rather, his Complaint is conclusory, stating only that the DOC Officials failed to ensure that White received photographs mailed to him. (*Id.* ¶¶ 23, 27, 32.) White does not describe what actions Walter and Delbalso took or failed to take that led to White not receiving his photographs. As to Secretary Wetzel, White alleges in his

9

Complaint that he breached his duty of care by "outsourcing [sic] Pennsylvania's prison mail." (*Id.* ¶ 31.) However, White does not explain how the outsourcing of Pennsylvania's prison mail led to White not receiving his photographs. Thus, White's Complaint does not state a cognizable claim for negligence.[7]

### 2. Sovereign Immunity

Even if a litigant states a claim for negligence, "sovereign immunity protects Commonwealth officials and employees acting within the scope of their duties from civil liability," *Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013) (citing 1 Pa.C.S. § 2310), unless it has been waived by the General Assembly. Sovereign immunity protection extends to claims for intentional torts. *Robles v. Pa. Dep't of Corr.*, 718 A.2d 882, 884 (Pa. Cmwlth. 1998). However, through Section 8522(b) of what is commonly referred to as the Sovereign Immunity Act, the General Assembly has waived sovereign immunity for 10 categories of acts involving

---

[7] White maintains in his brief that he "properly ple[]d claims for an intentional tort[;]" yet, in the following sentence, he states that his "claims . . . sound[] in negligence." (White's Br. at 6.) We see no allegations of record that the DOC Officials intentionally mishandled or withheld White's mail, and White's Rule 1925(b) Statement addresses only negligence. Having failed to plead allegations of intentional misconduct on the part of the DOC Officials before the trial court, and having failed to raise issues of intentional misconduct in his Rule 1925(b) Statement, White may not raise any such allegations for the first time before this Court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement [of errors complained of on appeal] . . . are waived."). Furthermore, to the extent White's Complaint can be understood to assert that the DOC Officials committed intentional torts, the DOC Officials are entitled to sovereign immunity, unless their conduct fell outside the scope of their employment. *See Kull v. Guisse*, 81 A.3d 148, 154 (Pa. Cmwlth. 2013). However, there are no allegations in the Complaint or arguments in White's brief that the DOC Officials deviated from the scope of their employment.

negligence of a Commonwealth official or employee. 42 Pa.C.S. § 8522(b).[8] This Court has explained:

> [T]he proper test to determine if a Commonwealth employee is protected from liability . . . is to consider whether the Commonwealth employee was acting within the scope of his or her employment; whether the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense; and whether the act fits within one of the . . . exceptions to sovereign immunity.

*La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992). White appears to focus on the personal property exception to sovereign immunity. Pursuant to this exception, immunity may not be raised to claims for damages caused by the "care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency . . . ." 42 Pa.C.S. § 8522(b)(3).

Here, White's Complaint includes no specific allegations regarding how Walter, as Grievance Officer, or Delbalso, as "Superintendent [having] responsib[ility] for reviewing all administrative appeals at SCI[-]Mahanoy," (compl. ¶ 3), had any care, custody, or control of White's mail. According to the Complaint, Walter and Delbalso's responsibilities pertain to the inmate grievance process at SCI-Mahanoy. Their responsibilities do not include, based on White's averments, any care, custody, or control of inmate mail. There are also no

---

[8] The 10 exceptions involve: (1) vehicle liability; (2) medical-professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa.C.S. § 8522(b).

allegations that Secretary Wetzel had any "care, custody or control" of White's mail, but even if it can be said that he did by virtue of his "administration of the Commonwealth's correctional system, including the formulation of policies," Section 8522(b)(3) does not waive sovereign immunity for officials or employees with respect to the creation and enforcement of policies. *See Moser v. Heistand*, 681 A.2d 1322, 1326 (Pa. 1996); *see also Casiano v. Mail Inspector #5* (Pa. Cmwlth., No. 1086 C.D. 2018, filed July 10, 2019), slip op. at 8 ("Section 8522(b)(3) . . . does not waive sovereign immunity for officials or employees with respect to the creation and enforcement of policies."). In addition, aside from generally averring that the DOC has a "contract with Smart Communications [and] export[s] mail to them," (compl. ¶ 9), White has not alleged specific facts that the DOC Officials had "care, custody or control" of White's mail through DOC's contractual relationship with Smart Communications.

White relies on *Stickman* to bring his negligence claims within the personal property exception to sovereign immunity. In *Stickman*, we applied the personal property exception to hold that sovereign immunity was not a defense to an inmate's negligence claim because the inmate set forth "a claim for damages to his television set caused by the care of the television set while it was in the possession of [DOC]." 917 A.2d at 918 (emphasis omitted). Here, however, *Stickman* does not control because, as described above, White has not pled facts that would bring his negligence claims within the personal property exception.

Instead, it appears that the gravamen of White's allegations in this case relates to the handling of the grievance that he filed related to his mail, as that is the focus of his allegations regarding the DOC Officials. However, there is no cause of action for the mishandling of an inmate's grievance. *See Samuels v.*

12

*Walsh* (Pa. Cmwlth., No. 318 C.D. 2014, filed Nov. 17, 2014). Therefore, to the extent that White's Complaint can be understood to assert that the DOC Officials negligently handled his grievance, we agree with the trial court that, with respect to that averment, White's Complaint failed to state a claim upon which relief could be granted.[9]

Accordingly, we dismiss as moot White's Application and hold that the trial court did not err in denying White's request to proceed IFP and dismissing his Complaint pursuant to Rule 240(j). We affirm the trial court's July 2019 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[9] Similarly, although White does not include any argument in his brief regarding his First Amendment allegations, they, too, fail to state a claim. White averred that he has a First Amendment right to use the mail, the DOC's "new mail policy" violates the First Amendment, and White's family "will not forward any mailings to the [] DOC." (Compl. ¶¶ 16-18.) We agree with the trial court that White has not averred facts suggesting that **his** ability to use the mail has been abridged, nor does his Complaint state facts describing **how** the DOC's mail policy violates the First Amendment.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Naheem White,                          :
                Appellant    :
                           :
           v.                :    No. 1341 C.D. 2019
                           :
F. Walter, Theresa Delbalso and        :
John Wetzel                            :

## O R D E R

**NOW**, February 9, 2021, the Order of the Court of Common Pleas of Schuylkill County, dated July 29, 2019, is **AFFIRMED**. Naheem White's application for relief, filed January 14, 2020, is hereby **DISMISSED** as moot.

 

                                _____

                                **RENÉE COHN JUBELIRER,** Judge