BLD-032                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3467
_____

REGINALD HAWKINS,
                                        Appellant

v.

COLEMAN HALL, C.C.F.; JOSEPH COLEMAN, Ex. Rel.;
JOHN CURL, Director; LINDA MILES, Mc., (Property Man.)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 10-cv-04973)
District Judge: Honorable Legrome D. Davis
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 3, 2011

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Filed: November 30, 2011)
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Appellant Reginald Hawkins filed a civil rights action, 42 U.S.C. § 1983, in the

United States District Court for the Eastern District of Pennsylvania against Coleman

Hall, a halfway house authorized or operated by the Pennsylvania Department of

Corrections, its President and Owner, Joseph Coleman, its Property Manager, Linda S. Miles, and John Curl, its Acting Director. Hawkins alleged in his Complaint that he left the facility on a pass on September 15, 2008, and, while out on his pass, he was re-arrested and sent to the State Correctional Institution at Graterford ("SCI-Graterford"). Thereafter, when his mother, Lydia Marrow, went to retrieve his property, she was told that a family member had already picked up his belongings. Hawkins alleged that his mother was the only person authorized by him to retrieve his property. Hawkins claimed that the staff at Coleman owed him a duty to protect his property, and deprived him of his property without due process. That property included designer jeans and shirts, priceless family photographs, a manuscript he hoped to have published, his legal work, and other items.

An affidavit executed by his mother was attached to Hawkins's Complaint, attesting to the fact that she had been unable to retrieve most of her son's property. She found Coleman staff using his fan, but they returned it to her. Copies of grievances also were attached to the Complaint, and we note that the Department of Corrections responded to one such grievance by stating that its investigation revealed that one of Hawkins's family members picked up his belongings on October 8, 2008. Hawkins sought money damages in the amount of $150,000.00.

The defendants filed a motion to dismiss the complaint, Fed. R. Civ. Pro. 12(b)(6), on the ground that it failed to state a cognizable federal civil rights claim. The District Court ordered Hawkins to respond. Instead of specifically responding in opposition to the motion to dismiss, Hawkins sought leave of court to amend his complaint during the

2

time period when leave of court was not required, Fed. R. Civ. Pro. 15(a)(1) ("A party may amend its pleading once as a matter of course within:  * * * (B) . . . . 21 days after service of a motion under Rule 12(b)…."). He then filed his actual amended complaint without leave of court beyond the time permitted by the rule. See id. In the Amended Complaint, Hawkins sought to clarify that he was alleging a violation of the Takings Clause of the Fifth Amendment and a violation of the Due Process Clause of the Fourteenth Amendment. He also appeared to allege deliberate indifference in violation of the Eighth Amendment. Hawkins sought compensatory and punitive damages.

In an order entered on August 16, 2011, the District Court granted the defendants' motion to dismiss and denied Hawkins's request to amend as futile. The court reasoned that a violation of the Fifth Amendment requires federal action, which Hawkins did not allege. Hawkins also did not state an Eighth Amendment claim because he failed to allege that a prison official had the requisite culpable state of mind. Last, the Due Process Clause was not implicated by Hawkins's allegation that the defendants acted negligently in failing to properly secure his property. The court declined to exercise supplemental jurisdiction over any state law claims Hawkins may have been asserting.

Hawkins appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, and he has done so. Hawkins contends that he should have been permitted to

3

amend his complaint. He seeks a hearing to resolve the conflicting information he received about when his property was picked up and by whom.

We will dismiss the appeal as frivolous. An appellant may prosecute his appeal without prepayment of the fees, 28 U.S.C. § 1915(a)(1), but the in forma pauperis statute provides that the Court shall dismiss the appeal at any time if the Court determines that it is frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). An appeal is frivolous when it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "[To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The complaint must allege facts that, if true, "give rise to an entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).

We agree with the District Court that a negligent deprivation of property is not actionable under section 1983 and the Fourteenth Amendment, Daniels v. Williams, 474 U.S. 327, 328 (1986). "[T]he Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property." Id. Even an intentional unauthorized deprivation of property by a state actor is not actionable under 42 U. S. C. 1983, so long as a meaningful post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984). A common law action for conversion, filed in state court pursuant to 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3) (West 2007), is an adequate post-deprivation remedy.

The Takings Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155,

4

160, (1980).  It prohibits the taking of private property for public use without just compensation.  See Troy Ltd. v. Renna, 727 F.2d 287, 299-300 (3d Cir. 1984).  We conclude that Hawkins has not alleged a "taking" within the meaning of the Fifth Amendment.  "A taking within the meaning of the Fifth Amendment occurs when the *rightful* property, contract or regulatory powers of the government are employed to control rights or property which have not been purchased."  Golder v. United States, 15 Cl. Ct. 513, 518 (Cl. Ct. 1988) (emphasis added).  Here, Hawkins alleges only that Coleman Hall's staff either were negligent in disposing of his property, or guilty of conversion in connection with the loss of his property.  Neither allegation implicates the Takings Clause.  "An unauthorized or unlawful taking is not compensable under the fifth amendment, but is a claim sounding in tort."  Adams v. United States, 20 Cl. Ct. 132, 137 (Cl. Ct. 1990).

Last, we agree with the District Court that Hawkins did not allege a culpable state of mind on the part of the defendants sufficient to make out a claim under the Eighth Amendment, see Farmer v. Brennan, 511 U.S. 825, 836 (1994) (to act with deliberate indifference is to recklessly disregard a substantial risk of serious harm).  We also agree with the District Court that any amendment to Hawkins's complaint would have been futile, see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (district court may deny leave to amend under Rule 15(a) when amendment is futile).

For the foregoing reasons, we will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).