# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Tejada, :
               Appellant :
                   :
         v. : No. 484 C.D. 2021
                   : Submitted: June 17, 2022
Sue Dowd, Rene Styka and :
Jonathan Simpson :

BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
                  **HONORABLE ANNE E. COVEY,** Judge
                  **HONORABLE CHRISTINE FIZZANO CANNON,** Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**      **FILED: August 4, 2022**

Before the Court following a remand to the Court of Common Pleas of Schuylkill County (trial court) for the issuance of an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), (1925(a) Opinion), is the trial court's request that its October 20, 2020 Order be vacated and that the matter be remanded for further proceedings. In the October 20, 2020 Order, the trial court dismissed Ricky Tejada's (Tejada) "Application to Proceed *In Forma Pauperis*" and civil complaint (Complaint) as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1).[1] For the following reasons, the Court will vacate the trial court's Order and remand for further proceedings.

---

[1] Civil Rule 240(j)(1) provides:

The facts of this matter were set out at length in the Court's prior opinion in *Tejada v. Dowd* (Pa. Cmwlth., No. 484 C.D. 2021, filed May 25, 2022), as was the basis for our remand for the issuance of a 1925(a) Opinion, and will not be repeated here.

In its 1925(a) Opinion, the trial court determined that its initial review of Tejada's Complaint, which resulted in the Order finding the Complaint frivolous, was incorrect. The trial court reasoned that in addition to Tejada's claim asserting retaliation for exercising his rights under the First Amendment of the United States Constitution[2] pursuant to 42 U.S.C. § 1983, Tejada had "proffered a valid state cause of action . . . concerning the care, custody[,] and control of his personal property in the possession and control of [Sue Dowd, Rene Styka, and Jonathan Simpson (Appellees)] sounding in common law concepts of negligence upon which relief could be granted." (1925(a) Opinion at 3.) Additionally, the trial court recognized that inmates have a post-deprivation remedy "in the form of a state law negligence action against the [employees of the Department of Corrections (DOC)] for the loss

---

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). "A frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'" *Id.*, Note (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)).

[2] The First Amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. Tejada claims that he was deprived of his property in retaliation for his exercising his right to file grievances seeking a refund for money spent on particular services that were not provided. (Original Record (O.R.) Item 1, Complaint ¶¶ 13-16, 26-27.)

2

or destruction of personal property under [Section 8522(b)(3) of the Sovereign Immunity Act,] 42 Pa.C.S. § 8522(b)(3)."[3] (*Id.* at 3-4.) Thus, the trial court concluded that Tejada's Complaint "is sufficiently actionable and is not frivolous." (*Id.* at 4 (citing *Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 385 n.6 (Pa. Cmwlth. 2017)).)

Remand requests are commonly honored by Pennsylvania appellate courts. *See Commonwealth v. Vasquez*, 744 A.2d 1280 (Pa. 2000) (concluding that the Superior Court did not err in remanding upon a request of the trial court based on the determination that the original sentence was illegal due to the trial court's omission of a mandatory fine); *Jackson Twp. Supervisors v. Est. of Gresh* (Pa. Cmwlth., No. 1970 C.D. 2014, filed July 9, 2015) (vacating and remanding for full evidentiary hearing on trial court's request and conclusion that evidentiary hearing was required); *Kelso Woods Ass'n v. Swanson*, 753 A.2d 894 (Pa. Cmwlth. 2000) (vacating and remanding for calculation of damages upon request by the trial court, which indicated it had erred in making part of its determination).

After reviewing Tejada's Complaint and the trial court's reasons contained in its 1925(a) Opinion, we agree that the Order should be vacated and that a remand is appropriate. In Pennsylvania "a tort law remedy is available for the possession and/or destruction of non-contraband personal property by virtue of [S]ection 8522(b)(3)," "which waives immunity for negligent acts concerning '[t]he care, custody[,] or control of personal property in the possession or control of'" DOC. *Shore*, 168 A.3d at 385 n.6 (quoting 42 Pa.C.S. § 8522(b)(3)); *see also Williams v.*

---

[3] Section 8522(b)(3) provides: "the defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency." 42 Pa.C.S. § 8522(b)(3).

*Stickman*, 917 A.2d 915, 917-18 (Pa. Cmwlth. 2007) (concluding that state employees could not claim sovereign immunity for damage done to the petitioner's television while in DOC's possession). In *Shore*, this Court aptly explained:

> When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires [] the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations.

*Id.* at 383 (internal citations omitted). That an inmate may have a post-deprivation remedy by filing a state law tort claim against DOC seeking relief for an alleged deprivation of personal property, *id.* at 385 n.6 (citing *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 211 (3d Cir. 2011) (per curiam); *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa. 1995)), reflects that such claims are not, on their face, frivolous. As the trial court recognized in its 1925(a) Opinion, Tejada filed a state law claim concerning the care, custody, and control of his personal property that allegedly had been in the possession and control of Appellees. Such claims alleging a deprivation of personal property by an inmate may be actionable under Section 8522(b)(3). *Shore*, 168 A.3d at 385; *Williams*, 917 A.2d at 917-18. We, therefore, agree with the trial court's assessment that it should not have dismissed Tejada's Complaint as frivolous pursuant to Civil Rule 240(j)(1). Accordingly, we vacate the Order and remand for further proceedings.

_____
**RENÉE COHN JUBELIRER,** President Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Tejada,                       :
            Appellant       :
                            :
           v.               :   No. 484 C.D. 2021
                            :
Sue Dowd, Rene Styka and    :
Jonathan Simpson         :

# O R D E R

**NOW**, August 4, 2022, the October 20, 2020 Order of the Court of Common Pleas of Schuylkill County (trial court) is **VACATED**, and the above-captioned matter is **REMANDED** to the trial court for further proceedings.

Jurisdiction relinquished.

_____

**RENÉE COHN JUBELIRER,** President Judge
