# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Earnest Scott, Jr., | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| The PA D.O.C., U/M B. Kelly, | : | |
| John E. Wetzel, Sgt. Jones, | : | |
| Superintendent Barry Smith, | : | |
| Attorney General Josh Shapiro, | : | |
| Governor Tom Wolf, C/01 George, | : | No. 76 M.D. 2021 |
| Respondents | : | Submitted: July 22, 2022 |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED:  November 4, 2022

Before this Court are the preliminary objections of Attorney General Josh Shapiro (A.G. Shapiro), and the preliminary objections of the Pennsylvania Department of Corrections' (Department), State Correctional Institution (SCI)-Houtzdale Unit Manager B. Kelly (Manager Kelly), Department Secretary John E. Wetzel (Secretary Wetzel), Sergeant Jones (Jones), SCI-Houtzdale Superintendent Barry Smith (Superintendent Smith), Governor Tom Wolf (Governor Wolf), and Corrections Officer George (George),[1] (collectively, Department Respondents) to Earnest Scott, Jr.'s (Scott) Second Amended Petition for Review in the nature of a

---

[1] The parties did not list Manager Kelly's, Jones's or George's full names in the documents filed with this Court.

complaint for compensatory and punitive damages (Petition) filed in this Court's original jurisdiction.

## Background[2]

Scott is an inmate at SCI-Houtzdale. On December 9, 2020, Scott and his cellmate were removed from their cell and taken to the restricted housing unit (RHU) - an area known as "the hole" - based on unfounded reports that they had threatened Jones. Petition ¶ 2. Their property was not inventoried until approximately 10 days later. Scott observed that some of his property was missing, including numerous items Scott purchased from the commissary two days before his removal. Specific missing items included approximately 150 ice cream tickets, 160 photo tickets, a fan, a surge protector, two pairs of shoes, a watch, a pair of sweatpants, a sweatshirt, and all of Scott's food. Scott discovered that Jones and George violated Department policy by letting inmates pack Scott's property. Further, Scott learned that inmates observed another inmate on trash detail remove a large trash bag containing Scott's property, while Jones and George "just looked." Petition ¶ 15.

Scott filed a grievance on December 29, 2020, and Manager Kelly denied Scott's grievance on January 11, 2021. In his grievance denial, Manager Kelly noted that many of the items Scott claimed were missing exceeded the amounts that inmates were permitted to possess in their cells, and there was no evidence that Scott still had those items in his possession at the time he was sent to the RHU. On January 13, 2021, Scott appealed from the grievance denial to Superintendent Smith, who denied Scott's appeal the next day. On January 18, 2021, Scott appealed to the Department, which denied his appeal on February 16, 2021.

---

[2] The facts are as alleged in Scott's Petition.

## Facts

On August 31, 2021, Scott filed his Petition in this Court.[3] Therein, Scott generally asserts: (1) A.G. Shapiro and Department Respondents violated his constitutional rights under Section 1 of the Civil Rights Act of 1871, 42 U.S.C. §1983 (Section 1983), pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), by failing to train, supervise and discipline their officers/employees; (2) all respondents negligently caused the loss of his property; and (3) all respondents violated his due process rights under the Fourteenth Amendment to the United States (U.S.) Constitution[4] when they failed to provide him an opportunity to challenge his property loss, and that the alleged lost property exceeded permissible prison limits.

On September 13, 2021, A.G. Shapiro filed his preliminary objections. Therein, A.G. Shapiro challenges the Petition's legal sufficiency on the basis that the Petition does not identify any action taken by A.G. Shapiro with respect to Scott's alleged loss, or any duty A.G. Shapiro owed to Scott. In addition, A.G. Shapiro contends that Scott's claims are barred by the Eleventh Amendment to the U.S. Constitution (Eleventh Amendment),[5] and by sovereign immunity. On October 14, 2021, Scott filed a document titled *Preliminary Objections* in response thereto.[6]

---

[3] Scott filed his initial Petition for Review on March 15, 2021. On May 19, 2021, Scott filed his First Amended Petition for Review. On January 5, 2022, this Court granted Scott leave to file a Third Amended Petition for Review. However, by January 24, 2022 letter, Scott requested to proceed on the Petition.

[4] The Fourteenth Amendment to the U.S. Constitution states, in pertinent part, that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

[5] The Eleventh Amendment provides: "The Judicial power of the [U.S.] shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[6] Scott's filing appears to be more of a response to A.G. Shapiro's preliminary objections than preliminary objections thereto. Specifically, Scott insists that A.G. Shapiro may be held liable in his supervisory capacity, that A.G. Shapiro's Eleventh Amendment immunity defense from

On September 21, 2021, Department Respondents filed their preliminary objections. Therein, Department Respondents similarly challenge the Petition's legal sufficiency, contending that Department Respondents were not personally involved in the incidents that led to the alleged loss of Scott's property, that Scott has not alleged facts sufficient to support his negligence claim, that Scott's due process claim fails because he was afforded a meaningful post-deprivation remedy, and that Scott's *Monell* liability claim fails since such action is barred by the Eleventh Amendment. On December 27, 2021, Scott filed a document titled *Preliminary Objections* to Department Respondents' preliminary objections.[7]

## Legal Analysis

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review [in the nature of a complaint], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, *it must appear with certainty that the law will*

---

Section 1983 claims fails because the Commonwealth has waived sovereign immunity for property loss and damage, and that A.G. Shapiro is not immune from punitive damages. Because Scott's filing does not challenge A.G. Shapiro's preliminary objections on grounds satisfying Pennsylvania Rule of Civil Procedure No. 1028(a), this Court shall treat Scott's filing as a response to A.G. Shapiro's preliminary objections.

[7] Similar to Scott's filing responding to A.G. Shapiro's preliminary objections, Scott's purported *preliminary objections* to Department Respondents' preliminary objections are more akin to a response thereto. Scott alleges therein that Department Respondents may be held liable in their supervisory capacities, that Department Respondents violated a legal duty, that Department Respondents' Eleventh Amendment immunity defense from Section 1983 claims fails because the Commonwealth has waived sovereign immunity for property loss and damage, and that his due process rights were violated. Because Scott's filing does not challenge Department Respondents' preliminary objections on grounds satisfying Pennsylvania Rule of Civil Procedure No. 1028(a), this Court shall treat Scott's filing as a response to Department Respondents' preliminary objections.

*not permit recovery*, and any doubt should be resolved by a refusal to sustain them.

A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review in the nature of a] complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. *When ruling on a demurrer, a court must confine its analysis to the* [*petition for review in the nature of a*] *complaint*.

*Log Cabin Prop., LP v. Pa. Liquor Control Bd.*, 276 A.3d 862, 869 (Pa. Cmwlth. 2022) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010)) (emphasis added; citations omitted).

## I. A.G. Shapiro and Department Respondents' Preliminary Objections - *Monell* and Civil Rights Liability

Initially, both A.G. Shapiro and Department Respondents challenge Scott's claims that they may be held liable for failure to properly train, supervise and discipline employees pursuant to *Monell* and *City of Canton v. Harris*, 489 U.S. 378 (1989), and that those actions, and the deprivation of his property, violated Scott's civil rights. Scott rejoins that the Commonwealth has exempted itself from sovereign immunity for damages from care, custody or control of personal property in the possession of Commonwealth parties,[8] and, therefore, the Eleventh

---

[8] Section 8522(b)(3) of the Sovereign Immunity Act waives sovereign immunity for damages caused by:

(3) Care, custody or control of personal property. — The care, custody or control of personal property in the possession or control of Commonwealth parties, including Commonwealth-owned personal property and property of persons held by a Commonwealth agency, except that the sovereign immunity of the Commonwealth is retained as a bar to actions on claims arising out of Commonwealth agency activities involving the use of nuclear and other radioactive equipment, devices and materials.

5

Amendment to the U.S. Constitution does not protect the Commonwealth from liability for his lost property. Scott asserts that the respondents' alleged failure to train resulted in the property loss, and, consistent with *Monell* and *Canton*, he is entitled to pursue his claims.

This Court has explained that:

> [The] Department . . . is immune from *Monell* liability. In *Monell*, the [U.S.] Supreme Court ruled that **local governments** could be held liable under [Section 1983] for depriving individuals of their constitutional rights, but only when such deprivations were caused by the enforcement of official policies or customs.[9] *Monell*, 436 U.S. at 690-95. . . . [**T**]**he Department, as an appendage of our Commonwealth**'s **government, cannot be subject to *Monell* liability due to the protections from suit afforded to states by the Eleventh Amendment**.

*Rokita v. Pa Dep't of Corr.* (Pa. Cmwlth. No. 182 M.D. 2020, filed Nov. 20, 2020), slip op. at 7-8 (emphasis added; footnote omitted).[10]

Further, this Court has held:

> "[A] **claim that state officials have deprived a prisoner of personal property does not state a recognizable [Section] 1983 action**." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 555 (M.D. Pa. 2008), *aff'd*, 366 F. App'x 393 (3d Cir. 2010) (citation omitted). To that end, **a Section 1983 action cannot be brought to vindicate a prisoner**'s **right to property where the deprivation occurs as a result of a tortious act of a state employee** and where an adequate remedy exists to compensate those who suffered tortious loss at the hands of the state. The U.S. Supreme Court later extended this holding to intentional deprivations of

---

42 Pa.C.S. § 8522(b)(3).

[9] Similarly, in *Canton*, the U.S. Supreme Court held that a **municipality** may be liable under Section 1983 where municipal employees are not adequately trained on a valid policy and the "constitutional wrong has been caused by that failure to train." *Canton*, 489 U.S. at 387.

[10] Unreported decisions of this Court, while not binding, may be cited for their persuasive value. Section 414(a) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code § 69.414(a). The unreported decisions cited herein are relied on for their persuasive authority.

6

property, similarly holding that where a prisoner has an adequate post-deprivation remedy under state law for any loss suffered to his property, a Section 1983 action is not available.

*Palmer v. Doe*, (Pa. Cmwlth. No. 2451 C.D. 2015, filed May 5, 2016), slip op. at 12-13 (emphasis added; citation omitted). Accordingly, Scott may not pursue a Section 1983 action for his lost property. Further, to the extent Scott claims that A.G. Shapiro and/or Department Respondents failed to properly train, supervise and discipline employees, A.G. Shapiro and Department Respondents are immune from such liability as it is not one of the enumerated exceptions to sovereign immunity and is barred by the Eleventh Amendment to the U.S. Constitution. *See* 42 Pa.C.S. § 8522(b).

Accordingly, this Court sustains A.G. Shapiro's and Department Respondents' preliminary objections with respect to Scott's assertions of *Monell* liability and civil rights deprivations in the alleged property loss, and dismisses the Petition to the extent Scott's claims rest thereon.

## II. A.G. Shapiro's Preliminary Objection - Negligence

A.G. Shapiro also alleges in his first preliminary objection that Scott's negligence claims against him are legally insufficient and must be dismissed. Specifically, A.G. Shapiro contends that Scott failed to allege A.G. Shapiro's knowledge or personal involvement or that A.G. Shapiro had a duty pertaining to the alleged actions or inactions that led to the alleged loss of Scott's property.[11] Scott responds that A.G. Shapiro may be held liable as a supervisor pursuant to *Monell* and other federal jurisprudence. Further, Scott claims that A.G. Shapiro can also be

---

[11] A.G. Shapiro cites the Commonwealth Attorneys Act, 71 P.S. §§ 732-101 - 732-506, and article IV, section 4.1 of the Pennsylvania Constitution as describing the Attorney General's duties.

held liable pursuant to what is commonly referred to as the Sovereign Immunity Act.[12]

This Court has explained:

> [T]o state a *prima facie* cause of action for negligence, a plaintiff must allege[:] (1) **a legal duty or obligation to conform to a certain standard of conduct**; (2) **a failure to conform to that standard**; (3) a reasonably close causal connection between the conduct and resulting injury; and (4) actual damage or loss.

*Williams v. Syed*, 782 A.2d 1090, 1093-94 (Pa. Cmwlth. 2001) (emphasis added). However, "**individual public employees are not vicariously liable for the actions of subordinates merely because the subordinate is in the employee's chain of command**." *Fauber v. Fetterolf, Harlow & Wetzel* (Pa. Cmwlth. No. 1856 C.D. 2013, filed June 18, 2014), slip op. at 6 (emphasis added). Thus, "**[m]erely being in the 'chain of command' does not subject [a public servant manager] to suit on a theory of vicarious responsibility**." *Price v. Corr. Officer Simcox* (Pa. Cmwlth. No. 307 C.D. 2017, filed Sept. 28, 2017), slip op. at 9 (emphasis added) (quoting *Du Bree v. Cmwlth.*, 393 A.2d 293, 295, 481 Pa. 540 (Pa. 1978)); *see also Bush v. Veach*, 1 A.3d 981 (Pa. Cmwlth. 2010).

This Court agrees that Scott's allegations in the Petition do not demonstrate that A.G. Shapiro had a duty with respect to Scott's alleged property loss, nor has Scott pled facts evidencing A.G. Shapiro's involvement in such loss.[13] Accordingly, this Court sustains A.G. Shapiro's first preliminary objection.

---

[12] 42 Pa.C.S. §§ 8501-8502, 8521-8527. The Sovereign Immunity Act does not impose liability, but rather waives Sovereign Immunity for damages arising in certain enumerated circumstances.

[13] A.G. Shapiro also contends that Scott's failure to allege A.G. Shapiro's personal involvement in the alleged deprivation of Scott's rights requires that this Court dismiss Scott's civil rights claim against him. Although this Court has concluded that Scott may not pursue a Section 1983 claim, even assuming such a claim was permissible, Scott's claim against A.G. Shapiro would fail. "**To maintain a Section 1983 claim**, **an inmate must allege that each**

8

### III.  Department Respondents' Preliminary Objection – Negligence

> **1. Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly**

Department Respondents contend that Scott has not alleged Department Respondents' personal involvement in the deprivation of Scott's property, that Scott's allegations do not establish negligence, and that sovereign immunity bars liability.  Department Respondents claim that Scott "fails to allege any facts to indicate how Governor Wolf, Secretary Wetzel, [Superintendent] Smith, [Manager] Kell[]y, and Jones[14] were involved, personally engaged in, or directed the commission of, any wrongdoing or actionable conduct with respect to his property[,]" and that "no facts are asserted to indicate [] [Governor] Wolf, [Secretary] Wetzel, [Superintendent] Smith[,] [Manager] Kell[]y, or Jones were personally involved with the packing, inventorying and/or moving of [Scott]'s property, or that they in any way handled the property that later went missing." Department Respondents' P.O.s at 4-5.  Department Respondents also contend that sovereign immunity bars Scott's claims.  Scott responds that Department Respondents all had a legal duty to comply with Pennsylvania law.

A review of Scott's Petition reveals that with respect to Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly, Scott has asserted no facts to support a negligence claim beyond his assertion that Department

---

**defendant was directly and personally responsible for the purported conduct and establish fault and causation on the part of each defendant**." *Rivera v. Silbaugh*, 240 A.3d 229, 237 (Pa. Cmwlth. 2020) (emphasis added).  Scott does not allege that A.G. Shapiro was "directly and personally" involved in the alleged deprivation of his property or allege facts demonstrating such. *Id.*

[14] Notably, although Department Respondents acknowledge that "[Scott] claims that . . . Jones and George allowed inmate 'block workers' to pack [Scott's] personal property, in violation of [Department] policy[,]" Department Respondents omit George from the list of respondents it claims were not personally involved in the alleged deprivation. Department Respondents' P.O.s ¶ 11.  See *id.* ¶¶ 20- 21, 24- 25.

Respondents failed to train, supervise, and discipline, and that Superintendent Smith and Manager Kelly improperly denied his grievance. With respect to Governor Wolf and Secretary Wetzel, Scott's claims assign liability based on *chain of command*, without Governor Wolf's and Secretary Wetzel's personal involvement, and Scott has not asserted facts sufficient to support a negligence claim against them.

With respect to Superintendent Smith and Manager Kelly, this Court has held that answering an inmate grievance is insufficient to demonstrate actual knowledge or personal liability for the alleged conduct. *See Bush*.[15] Accordingly, Scott's negligence claims are dismissed with respect to Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly.[16]

### 2. Jones and George

Scott avers that "Jones and [] George let their 'block workers'[,] aka inmates[,] pack [] Scott's . . . personal property." Petition ¶ 12. Scott further alleges that other inmates saw an inmate on trash detail "take a 'big trash bag' full of what was described to me was full of my stuff . . . [a]nd [] Jones[,] as well as [] George[,] just looked." Petition ¶¶ 14-15. Scott claims that "George and [] Jones negligently destroyed or lost my property, because they have [sic] failed to pack my personal property themselves as directed by their superior[, Secretary] Wetzel." Petition ¶ 27.

---

[15] *See also Martin v. Giroux*, (Pa. Cmwlth. No. 1934 C.D. 2016, filed May 26, 2017), slip op. at 8 ("[P]risoners have no constitutionally-protected right to a grievance procedure and participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement for purposes of [Section] 1983.").

[16] With respect to Scott's Section 1983 claims, even assuming Scott could pursue such claims, as with A.G. Shapiro, Scott has not alleged facts that Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly were "directly and personally responsible for the purported conduct and establish fault and causation on the part of each defendant." *Rivera*, 240 A.3d at 237.

To the extent Department Respondents contend that sovereign immunity bars Scott's claims,

> [s]overeign immunity acts as a bar to suits against Commonwealth parties, including its officials and employees acting within the scope of their duties. 1 Pa.C.S. § 2310. Establishing a limited list of exceptions to immunity, the General Assembly adopted . . . the Sovereign Immunity Act[.] . . . Section 8522 of the Sovereign Immunity Act waives "immunity as a bar to an action against Commonwealth parties, for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity," for specifically enumerated categories of acts. 42 Pa.C.S. § 8522. A "Commonwealth party" is defined in Section 8501 as "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. Thus, when an employee of a Commonwealth agency, such as a [Department] employee, is acting within the scope of his or her duties, the employee is shielded by the doctrine of sovereign immunity from liability for tort claims arising from negligent acts that do not fall within the statutory exceptions listed in Section 8522(b) of the Sovereign Immunity Act. 1 Pa.C.S. § 2310; 42 Pa.C.S. § 8522(a)-(b). Sovereign immunity is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment.

*Paluch v. Pa Dep't of Corr.*, 175 A.3d 433, 437-38 (Pa. Cmwlth. 2017).

> [An inmate], therefore, b[ears] the "initial burden" of setting forth a claim for negligence against the Department where damages would be recoverable under the common law or a statute creating a cause of action. *LaChance v. Michael Baker Corp.*, 869 A.2d 1054, 1057 (Pa. Cmwlth. 2005), *as amended* (Feb. 10, 2005); *see also Williams v. Phila. Hous. Auth.*, 873 A.2d 81, 85 (Pa. Cmwlth. 2005) ("The threshold question in a case of . . . sovereign immunity is whether the plaintiff would have an action in damages at common law or statute if the defendant could

11

not claim the defense of governmental or sovereign immunity.").

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (footnote omitted).

> Claims by an inmate for loss of his personal property while it was under the care, custody or control of prison employees are claims for damages caused by the care of personal property in the possession or control of Commonwealth parties. *Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007)[.] . . . Therefore, . . . **actions for damages based on negligence in the prison employees' handling of an inmate's personal property that is under their care**, **custody or control are not barred by sovereign immunity**.

*Owens v. Commonwealth*, (Pa. Cmwlth. No. 2624 C.D. 2015, filed Sept. 23, 2016), slip op. at 4-5 (emphasis added; citations and footnote omitted).

Here, Scott has alleged with specificity that Jones and George were responsible for safeguarding his property and negligently failed to do so by directing inmates to pack his property and allowing them access thereto, which resulted in the loss. Because the Sovereign Immunity Act does not bar an action in negligence for damages arising from the care of property in the possession of the Commonwealth, this Court overrules Department Respondents' preliminary objections with respect to Scott's negligence claims against Jones and George.

## IV. Department Respondents' Preliminary Objection - Fourteenth Amendment Due Process Violation

Department Respondents assert that Scott's due process claim must be dismissed because the Department afforded Scott a meaningful post-deprivation remedy by way of the grievance process. Scott responds that he was not offered any confiscation slips to challenge his allegedly excessive amount of permitted property.

> The Fourteenth Amendment to the [U.S.] Constitution provides, in relevant part, that no "State [shall] deprive any person of life, liberty, or property, without due process of

12

law." U.S. CONST. amend. XIV, § 1. To maintain a due process challenge, a party must initially establish the deprivation of a protected liberty or property interest. If, and only if, the party establishes the deprivation of a protected interest, will the Court consider what type of procedural mechanism is required to fulfill due process.

. . . .

"The amount of process due depends on the context presented." *Silo v. Ridge*, 728 A.2d 394, 399 (Pa. Cmwlth. 1999). It is now a bedrock principle that post-deprivation remedies satisfy the due process clause where the situation dictates that the [s]tate take immediate action or it is impracticable to provide any meaningful pre-deprivation process. When a prison official confiscates a prisoner's property in an allegedly unauthorized way, whether it be negligently or intentionally, due process requires only the existence of an adequate post-deprivation remedy because it is not feasible for a prison to provide a hearing prior to taking property that is perceived to be contraband or against prison regulations.

In addressing the issue, **the courts have repeatedly held that inmate grievance systems are an adequate post**-**deprivation remedy**[.]

*Shore v. Pa. Dep't of Corr.*, 168 A.3d 374, 383 (Pa. Cmwlth. 2017) (emphasis added; citations omitted).

Here, Scott acknowledged in his Petition that he filed a grievance with respect to his lost property claim and filed appeals from the denial thereof.[17]

---

[17] Notably, Manager Kelly did not deny Scott's grievance based on the alleged excessive amount of property. Rather, Manager Kelly explained:

Staff followed established policy and procedures. Based on documentation completed by staff packing Scott's property, Scott's claim to missing commissary items [] cannot be verified. Monthly account statements and commissary receipts prove items/property were purchased but does not substantiate [Scott's] claim the items/property were in his possession at the time of alleged incident. His request for relief is denied.

13

Accordingly, this Court sustains Department Respondents' preliminary objection with respect to Scott's Fourteenth Amendment claim against all Department Respondents.

## Conclusion

For all of the above reasons, A.G. Shapiro's and Department Respondents' preliminary objections with respect to Scott's *Monell* and civil rights claims are sustained. Further, with respect to Scott's negligence claims, Department Respondents' preliminary objections as to Governor Wolf, Secretary Wetzel, Manager Kelly and Superintendent Smith are sustained. Department Respondents' preliminary objection with respect to Scott's Fourteenth Amendment due process claim is sustained and the claim is dismissed. Finally, with respect to Jones and George, Department Respondents' preliminary objections to Scott's negligence claim are overruled. A.G. Shapiro, Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly are dismissed from this action.

_____
ANNE E. COVEY, Judge

---

Initial Review Response to Grievance No. 906677 (1/11/2021) (IRR) at 2; *See* Petition (which references original Petition for Review, that attached IRR therein).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Earnest Scott, Jr., :
              Petitioner :
 :
        v. :
 :
The PA D.O.C., U/M B. Kelly, :
John E. Wetzel, Sgt. Jones, :
Superintendent Barry Smith, :
Attorney General Josh Shapiro, :
Governor Tom Wolf, C/01 George, :   No. 76 M.D. 2021
           Respondents :

### O R D E R

AND NOW, this 4th day of November, 2022, the preliminary objections of Attorney General Josh Shapiro (A.G. Shapiro) and the preliminary objections of the Pennsylvania Department of Corrections' (Department), State Correctional Institution (SCI)-Houtzdale Unit Manager B. Kelly (Manager Kelly), Department Secretary John E. Wetzel (Secretary Wetzel), Sergeant Jones (Jones), SCI-Houtzdale Superintendent Barry Smith (Superintendent Smith), Governor Tom Wolf (Governor Wolf), and Corrections Officer George (George), (collectively, Department Respondents) with respect to Earnest Scott Jr.'s (Scott) claim pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and Scott's claims under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983, are SUSTAINED.

With respect to Scott's negligence claims, Department Respondents' preliminary objections as to Governor Wolf, Secretary Wetzel, Manager Kelly and Superintendent Smith are SUSTAINED. With respect to Jones and George, Department Respondents' preliminary objections to Scott's negligence claim are OVERRULED. Department Respondents' preliminary objection with respect to Scott's Fourteenth Amendment due process claim is SUSTAINED and that claim is

DISMISSED.  A.G. Shapiro, Governor Wolf, Secretary Wetzel, Superintendent Smith and Manager Kelly are DISMISSED from this action.

Jones and George shall file an answer to Scott's Second Amended Petition for Review within twenty (20) days of the date of this Order.


_____
ANNE E. COVEY, Judge