IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,      :
     Appellant   :
           :
   v.       :  No. 157 C.D. 2023
           :
LT. Long, Former Unit Manager  :  Submitted: February 6, 2024
and Replacement, Commissary,   :
SCI Huntingdon, Property    :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE ELLEN CEISLER, Judge
     HONORABLE STACY WALLACE, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: March 26, 2024

    Gregory Dunbar (Dunbar) appeals, *pro se*, from the August 1, 2022 order of the Court of Common Pleas of Huntingdon County (trial court), which dismissed as frivolous Dunbar's *pro se* "Action at Law in Replevin Declaratory Relief" (Complaint) pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 240(j)(1).[1] In the Complaint, Dunbar brings claims against his former unit manager Lieutenant Long (Long), Long's replacement, and the State Correctional Institution (SCI) Huntingdon and its Commissary and "Property" (together, SCI-Huntingdon) (all together, Appellees) for replevin of funds, declaratory and injunctive relief, and monetary damages. The trial court dismissed the Complaint *sua sponte*, concluding that it lacked an arguable basis in law or fact because Dunbar's claims were barred by sovereign immunity. After careful review, we affirm.

---

[1] Pa.R.Civ.P. 240(j) permits a trial court, prior to ruling on an *in forma pauperis* (IFP) application, to dismiss an action where the trial court is satisfied that the action is frivolous. *Pelzer v. Wrestle,* 49 A.3d 926, 928 n.1 (Pa. Cmwlth. 2012).

# I. FACTS AND PROCEDURAL HISTORY

At all relevant times, Dunbar was an inmate at SCI-Huntingdon.[2]  He filed the Complaint and an accompanying IFP application *pro se* on June 7, 2022.  He alleges in the Complaint that on February 23, 2022, he used $211.00 from his prison account to purchase food from the Commissary.  (Complaint, Original Record (O.R.) Document (Doc.) 1 ¶ 3.)  On February 26, 2022, he received a DC-141 Part 1 misconduct report for alleged rule violations.  *Id.* ¶ 4.  Dunbar then sent a DC-135A request to the Commissary asking why his funds were not returned to his account.[3]  *Id.* ¶ 5.  On March 18, 2022, a Commissary employee, "M. Wilson," responded and advised Dunbar to check with Long regarding a new "policy."[4]  *Id.* ¶ 6.  Dunbar filed a grievance, which was denied.  *Id.* ¶ 7.  There is no indication in the Complaint that Dunbar pursued the grievance through the administrative appeal process.

Dunbar alleges that he was not given adequate notice of the change in Commissary policy and that the lack of notice violated his right to due process.  *Id.* ¶ 8.  He further alleges that Long acted (1) willfully, maliciously, and outside the scope of his employment as unit manager and (2) in bad faith because he did not meet the minimum training and rank qualifications to be a unit manager.  *Id.* ¶¶ 9-10.  For relief,

---

[2] Dunbar's later filings in the trial court and those in this Court indicate that he since has been transferred to SCI-Benner Township.

[3] Although Dunbar does not allege that he never received the purchased items, we, like the trial court, infer as much to determine whether his claims have any basis in law or fact.  *See* Trial Court Op., O.R. Doc. 3, at 2 n.3.

[4] Dunbar does not identify the Department of Corrections (DOC) policy at issue.  Based on the context, we assume that it involves restrictions on Commissary purchases for inmates who have committed misconduct.  *See, e.g.*, DOC Policies DC-ADM 815-2(A)(5)(a) and DC-ADM 801-4(B)(4)(c), (d), *available at* https://www.cor.pa.gov/About%20Us/Pages/DOC-Policies.aspx (last visited March 25, 2024) (authorizing misconduct sanctions that include, *inter alia*, restrictions on Commissary purchases).

Dunbar seeks (1) a declaration that Long acted outside the scope of his employment; (2) an order enjoining future conduct at "SCI" and any other facility; (3) an order directing that $211.00 be returned to him; and (4) compensatory and punitive damages for "willful, malicious injury . . . and emotional stress . . . and loss of employment." *Id.* at pp. 3-4. Dunbar includes in the Complaint a request for summary relief, arguing that no issue of fact exists and that he has a clear right to relief. *Id.* at 4.

By order entered August 1, 2022, the trial court *sua sponte* dismissed the Complaint as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). The trial court interpreted the Complaint to allege that Dunbar paid for Commissary items that he never received (presumably due to his misconduct), that the items were withheld pursuant to a new DOC policy in effect at SCI-Huntingdon, and that the funds have not been returned. (Trial Court Op., O.R. Doc. 2, at 2-3.) The trial court characterized the Complaint as a "straightforward action in replevin" and concluded that Dunbar's claims were barred by sovereign immunity. *Id.* at 3-4. In doing so, the trial court acknowledged that Commonwealth employees are personally liable for claims arising out of conduct outside the scope of their employment, but nevertheless concluded that Dunbar had not alleged any facts establishing that Long acted outside the scope of his employment in enforcing the alleged new policy. *Id.* The trial court dismissed the Complaint.

Dunbar subsequently filed a "Motion for Reconsideration For Conflict of Interest" and a "Motion for Summary Relief," both of which the trial court denied by order entered September 6, 2022. Dunbar appealed to this Court on August 31, 2022.[5]

---

[5] Dunbar's Notice of Appeal is dated August 30, 2022, and was postmarked from the DOC on August 31, 2022. (O.R. Doc. 7.) Although the Notice of Appeal was not filed in the trial court until September 6, 2022, the prisoner mailbox rule applies to make August 31, 2022, the effective (and timely) filing date. *See Kittrell v. Watson*, 88 A.3d 1091, 1096-97 (Pa. Cmwlth. 2014) (a *pro se* prisoner's appeal in civil matters is deemed to be filed at the time it is given to prison officials or put into the prison mailbox).

The trial court did not order, and Dunbar did not file, a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

## II.    ISSUES PRESENTED

From what we can glean from his *pro se* brief, Dunbar presents two questions for our review, which we summarize and restate as follows: (1) whether the trial court erred in dismissing the Complaint; and (2) whether SCI-Huntingdon had personal and subject matter jurisdiction over Dunbar after his criminal charges purportedly were dismissed and he was released from custody. We address herein only the first issue as the second involves facts and legal questions well beyond the scope of the Complaint and this Court's jurisdiction.[6]

## III.    DISCUSSION[7]

Rule 240(j)(1) provides as follows:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed [an IFP petition], the court prior to acting upon the petition may

---

[6] In his second issue, Dunbar contends that, pursuant to a "release from custody order" issued by the Dauphin County Court of Common Pleas on February 3, 2020, he was discharged from DOC custody. (Dunbar Br. at 6.) He then appears to assert that, at the time of the conduct alleged in the Complaint and the subsequent litigation, he was not lawfully in DOC's custody and, accordingly, neither DOC nor the trial court had jurisdiction over him. *Id.* None of these facts are alleged in Dunbar's Complaint. Moreover, the conduct underlying Dunbar's Complaint occurred more than two years after the purported "release from custody order" was entered. Thus, we simply have no factual basis to consider Dunbar's arguments in this regard. Moreover, to the extent that Dunbar argues that he was or is being held in custody unlawfully, his remedy must come from another court by way of a writ of habeas corpus or other appropriate relief. *See* Pa.R.Crim.P. 108(a); *Dunbar v. Kauffman* (Pa. Cmwlth., No. 1004 C.D. 2021, filed February 22, 2023), slip op. at 3-4.

[7] Our review of a decision dismissing an action under Pa.R.Civ.P. 240(j)(1) is limited to determining whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *Jones v. Doe*, 126 A.3d 406, 408 n.3 (Pa. Cmwlth. 2015).

4

> dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). Thus, Rule 240(j)(1) authorizes a court of common pleas, prior to ruling on an IFP request, to dismiss an action if the court is satisfied that the action is "frivolous." Generally, a frivolous action is one that "lacks an arguable basis either in law or in fact." Pa.R.Civ.P. 240(j)(1), Note (citation omitted). An action is frivolous under Rule 240(j)(1), if, on its face, it does not set forth a claim upon which relief can be granted. *Jones*, 126 A.3d at 408. Where a claim is made against persons or entities who are immune from suit, the action is without any basis in law and may be dismissed *sua sponte* pursuant to Rule 240(j)(1). *Williams v. Stickman*, 917 A.2d 915, 917 (Pa. Cmwlth. 2007). We nevertheless are mindful of the leniency with which we construe "*pro se*, prison-drawn" allegations, *see Johnson v. Wetzel*, 238 A.3d 1172, 1184 (Pa. 2020), and that a *pro se* complaint should not be dismissed merely because it is not artfully drafted. *Bell v. Mayview State Hospital*, 853 A.2d 1058, 1060 (Pa. Super. 2004); *accord Whitehead v. Commonwealth* (Pa. Cmwlth., No. 1075 C.D. 2014, filed January 21, 2015) (unreported), slip op. at 4-5.[8]

An action against Commonwealth parties is invalid if it is barred by sovereign immunity. *Stickman*, 917 A.2d at 917. Generally speaking, Commonwealth officials and employees acting within the scope of their employment are immune from suit unless immunity is waived. 1 Pa. C.S. § 2310. Although there are certain delineated statutory exceptions to sovereign immunity, they apply only to claims based

---

[8] Pursuant to this Court's Internal Operating Procedures, unreported panel decisions may be cited for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a)

in negligence.[9] *See* 42 Pa. C.S. § 8522(a) (immunity is waived for actions against Commonwealth parties "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.") A claim arising out of intentional conduct likewise is barred by sovereign immunity if the Commonwealth actor was acting within the scope of his employment. *Stickman*, 917 A.2d at 917; *La Frankie v. Miklich*, 618 A.2d 1145, 1149 (Pa. Cmwlth. 1992); *see also* 1 Pa. C.S. § 2310. In sum, a Commonwealth party may be held liable for negligence if the negligence falls into one of the 10 enumerated categories for which immunity has been waived, but it may not be held liable for intentional acts committed within the scope of the actor's employment. *Stickman*; *La Frankie*. Thus, to determine if a Commonwealth employee is shielded by sovereign immunity for particular conduct, we consider whether (1) "the Commonwealth employee was acting within the scope of his or her employment"; (2) "the alleged act which causes injury was negligent and damages would be recoverable but for the availability of the immunity defense"; and (3) "the act fits within one of the [10] exceptions to sovereign immunity." *La Frankie*, 618 A.2d at 1149 (citations omitted).

Here, we agree with the trial court that the Complaint sets forth a standard replevin claim through which Dunbar seeks the return of his $211.00 because,

---

[9] The exceptions include (1) vehicle liability; (2) medical-professional liability; (3) the care, custody, or control of personal property; (4) Commonwealth real estate, highways, and sidewalks; (5) potholes and other dangerous conditions; (6) the care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S. § 8522(b)(1)-(10). Here, the exception most potentially relevant to Dunbar's replevin action is Section 8522(b)(3), which provides that sovereign immunity does not apply to claims for damages caused by "[t]he care, custody or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ." 42 Pa. C.S. § 8522(b)(3).

6

apparently, the items he purchased were never given to him. We have described actions in replevin as follows:

> The action of replevin is founded upon the wrongful taking and detention of property and seeks to recover property in the possession of another. The value is recovered in lieu of the property only in case a delivery of the specific property cannot be obtained. Replevin is a possessory action in which the issues are plaintiff's title and right of possession. The primary relief sought is the return of the property itself, the damages being merely incidental.

*Valley Gypsum Co., Inc. v. Pennsylvania State Police*, 581 A.2d 707, 710 (Pa. Cmwlth. 1990). In *Valley Gypsum*, a property owner (Valley Gypsum) filed a replevin action against the Pennsylvania State Police (PSP) and a storage facility owner. Valley Gypsum sought the return of a trailer impounded by PSP after a fatal tractor-trailer accident. PSP moved for summary judgment, which the trial court granted. This Court affirmed, explaining that "an action of replevin for personal property, as hereinabove set forth, is neither one for damages arising out of a negligent act nor within the purview of the exceptions to sovereign immunity which may impose liability." *Id.* at 710.

Here, Dunbar's replevin claim likewise is barred by sovereign immunity. Dunbar includes in his Complaint requests for compensatory and punitive damages, but he has not pled any facts that would entitle him to recover those damages, such as facts establishing the *negligence* of any of the Appellees in their "care, custody, or control" of his funds. 42 Pa. C.S. § 8522(b)(3). Dunbar does not allege that any individuals at DOC negligently mishandled his property and caused resultant damage. *See, e.g.*, *Stickman* (inmate's claim for damages arising from negligent handling of inmate's television not barred by sovereign immunity). Nor does he allege that DOC officials misplaced or lost the funds through negligent safekeeping. *See, e.g.*, *Owens v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 2624 C.D. 2015, filed

7

September 23, 2016), slip op. at 4-5 (inmate's claim for damages resulting from the loss of the inmate's boots by DOC employees during his transfer to another facility not barred by sovereign immunity); *Payne v. Whalen* (Pa. Cmwlth., No. 2100 C.D. 2014, filed August 20, 2015), slip op. at 2, 9-12 (inmate's claim for damages arising from DOC's negligent handling and loss of inmate's mail and related items not barred by sovereign immunity). Rather, Dunbar asserts that Long or another individual at DOC refused to return his funds pursuant to a DOC Commissary policy of which Dunbar claims he did not receive adequate notice. Thus, and although claims against DOC sounding in negligence are not necessarily barred by sovereign immunity, Dunbar has not alleged any facts asserting that DOC acted negligently. Without such facts, his replevin claim does not fit within the exception found in Section 8522(b)(3).[10] *See Zanicky v. Pennsylvania State Police* (Pa. Cmwlth., No. 219 M.D. 2021, filed January 7, 2022); *Martin v. Clark* (Pa. Cmwlth., No. 74 C.D. 2018, filed July 27, 2018); *Williams v. Pennsylvania Department of Corrections* (Pa. Cmwlth., No. 695 M.D. 2016, filed September 11, 2017); *Mercaldo v. Kauffman* (Pa. Cmwlth., No. 1333 C.D. 2015, filed March 31, 2016).

Finally, other than a single, cursory legal conclusion, *see* Complaint ¶ 10, Dunbar has not alleged any facts tending to establish that Long was, in fact, acting outside the scope of his employment when he purportedly established and/or implemented a policy precluding certain Commissary purchases due to inmate

---

[10] Although Dunbar has not alleged a breach of contract, or "assumpsit," claim, we note that the Commonwealth has waived immunity for such claims. *See Stickman*, 917 A.2d at 918 (citing *McKeesport Municipal Water Authority v. McCloskey*, 690 A.2d 766 (Pa. Cmalth. 1997)). However, pursuant to the Commonwealth Procurement Code, 62 Pa. C.S. §§ 101-4509, such claims generally are within the exclusive jurisdiction of the Board of Claims. *Id.* § 1724(a)(1). Thus, even if we could construe Dunbar's action as one sounding in contract, the trial court below presumably would not have subject matter jurisdiction to consider it.

misconduct. Thus, and for this additional reason, we must conclude that Dunbar's claims are barred by sovereign immunity.

## IV.  CONCLUSION

Because the claims set forth in Dunbar's Complaint are barred by sovereign immunity, it lacks any basis in law or fact. The trial court therefore properly dismissed the suit as frivolous pursuant to Pa.R.Civ.P. 240(j)(1). We affirm.[11]

_____
PATRICIA A. McCULLOUGH, Judge

---

[11] We again emphasize that Dunbar has not alleged that he exhausted, or was prevented from exhausting, DOC's constitutionally-adequate grievance process, over which we generally do not exercise appellate jurisdiction. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998). Further, to the extent that Dunbar argues that Long's or SCI-Huntingdon's failure to adhere to a DOC policy requiring notice to inmates of changes to Commissary privileges violates his due process rights, we reiterate what we have long held: allegations that DOC failed to follow its own regulations or internal policies will not support a claim based upon a vested right or duty because those regulations and policies, unlike statutory provisions, generally do not create rights in prison inmates. *Tindell v. Department of Corrections*, 87 A.3d 1029, 1035 (Pa. Cmwlth. 2014); *Bullock v. Horn*, 720 A.2d 1079, 1082 n.6 (Pa. Cmwlth. 1998).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Gregory Dunbar,                 :
            Appellant         :
                                  :
            v.                  :     No. 157 C.D. 2023
                                  :
LT. Long, Former Unit Manager     :
and Replacement, Commissary,      :
SCI Huntingdon, Property         :

## ***ORDER***

AND NOW, this 26th day of March, 2024, the August 1, 2022 order of the Court of Common Pleas of Huntingdon County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge